897 So.2d 35 (2004)
Henry LEE
v.
TWIN BROTHERS MARINE CORPORATION.
No. 2003 CA 2034.
Court of Appeal of Louisiana, First Circuit.
September 17, 2004.
*36 Michael S. Guillory, Gregory S. Unger, Metairie, Counsel for Plaintiff/Appellant Henry Lee.
Tracy P. Curtis, Perret Doise, Lafayette, Counsel for Defendant/Appellee Twin Brothers Marine, Inc.
Before: CARTER, C. J., PETTIGREW, and MCDONALD, JJ.
McDONALD, J.
Claimant/appellant appeals the decision in a workers' compensation hearing sustaining an exception raising the objection of res judicata and dismissing his claims. For the following reasons, we reverse.

FACTS AND PROCEDURAL BACKGROUND
Claimant/appellant, Henry Lee (Lee), was working for Twin Brothers Marine Corporation (Twin Brothers) when he injured his right knee on January 6, 2000. Dr. Andre Cenac, Lee's treating physician, performed orthoscopic surgery on both of Lee's knees, and released him to return to work in October 2000. Lee returned to his previous position October 11, 2000, and worked until March 16, 2001.
In September 2001 Lee filed a disputed claim for compensation alleging that benefits were terminated on October 10, 2000, that Twin Brothers refused to pay for medical treatment and prescriptions, and refused to authorize proper medical treatment. The matter was scheduled for trial but was continued on two occasions to give Lee additional discovery time to obtain the deposition of Dr. Cenac and other orthopedic surgeons who may have assisted in Lee's surgery.
Prior to trial the parties stipulated to the following: 1) the claimant, Henry D. Lee, hurt his right knee at work on January 6, 2000; 2) the claimant had seen Dr. Andre Cenac for left knee complaints related to an accident the claimant had at home earlier; 3) Dr. Cenac performed orthoscopic surgery on both knees at the same time and Dr. Cenac approved the claimant to return to work at medium duty from October 11, 2000 to March 16, 2001 for which he was paid full wages; 4) the claimant's hypertension and low back complaints were unrelated to work; and 5) temporary total disability benefits were paid from January 14, 2000 to October 10, 2000 at $377.63 a week.
The trial in this matter was held on September 18, 2002, on the issues of whether Lee was entitled to temporary total disability benefits from March 17, 2001 to present and whether Twin Brothers Marine Corporation, reasonably controverted Lee's workers' compensation claims. On October 9, 2002, judgment was rendered finding that Lee was not *37 entitled to temporary total disability benefits from March 17, 2001 to the time of trial and that Twin Brothers reasonably controverted the workers' compensation claim. No appeal was taken from that judgment.
In January 2003, Lee, represented by different counsel, filed a form 1008 claiming compensation for medical treatment of "knee replacement" as recommended by Dr. Cenac, and penalties, attorney's fees, and costs. The workers' compensation judge sustained Twin Brothers' exception raising the objection of res judicata and dismissed Lee's claims with prejudice at his cost. This devolutive appeal followed.

LAW AND ANALYSIS
Louisiana Revised Statute 13:4231 sets forth the factors for a court to apply in determining whether a subsequent claim is barred by res judicata and provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The purpose of res judicata is to promote judicial efficiency and final resolution of disputes by preventing needless relitigation. Avenue Plaza, L.L.C. v. Falgoust, 96-0173, p. 4 (La.7/2/96), 676 So.2d 1077, 1079. The burden of proof is upon the pleader to establish the essential facts to sustain the plea of res judicata. Diamond B. Const. Co. v. Dept. of Trans & Dev., 02-0573, p. 8 (La.App. 1st. Cir.2/14/03), 845 So.2d 429, 435. The doctrine of res judicata is stricti juris and should be rejected when doubt exists as to whether a party's substantive rights have actually been previously addressed and finally resolved. Domingue ex rel. Domingue v. Allied Discount Tire and Brake, Inc., XXXX-XXXX (La.App. 1st Cir.5/9/03), 849 So.2d 690, 695, writ denied, XXXX-XXXX (La.10/3/03), 855 So.2d 320. A final judgment has the authority of a thing adjudged only as to those issues presented in the pleadings and conclusively adjudicated by the court. Ins. Acssociates, Inc. v. Francis Camel Const., 95-1955, p. 3 (La.App. 1st Cir.5/10/96), 673 So.2d 687, 689. Identification of issues actually litigated shall be determined not solely from the pleadings but also by examining the entire record in the first suit. Ebey v. Harvill, 26,373, p. 3 (La.App. 2nd Cir.12/7/94), 647 So.2d 461, 464.
The judgment from which this appeal is brought recites that it was rendered after consideration of the law, the exhibits, the record, and the argument of counsel. However, the record of the previous litigation in this matter was not introduced into evidence and is not in the record before us. An appellate court must render its judgment upon the record on appeal. La. C.C.P. art. 2164. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcripts, jury instructions (if applicable), judgments, and other rulings, unless otherwise designated. *38 La. C.C.P. arts. 2127, 2128; Our Lady of the Lake Hospital v. Vanner, 95-0754, p. 4 (La. App 1st. Cir. 12/15/95), 669 So.2d 463, 465. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Our Lady of the Lake at 465. Arguments and pleadings are not evidence. Law Offices of Robert M. Becnel v. Ancale, 00-295, p. 6 (La. App 5th Cir. 9/26/00), 769 So.2d 761, 766.
The evidence in the record before us confirms that Lee was denied total temporary disability benefits after the workers' compensation trial in September 2002. However, we have no way of determining whether the workers' compensation judge heard argument concerning the need for Lee to have a total replacement of the right knee as recommended by Dr. Cenac. The record discloses that Lee failed to return to work after March 16, 2001, primarily due to hypertension and low back pain (neither of which were attributable to work), which would support the denial of total temporary disability benefits without adjudicating the issue of necessity for knee replacement. Without benefit of the record upon which the October 9, 2002, judgment rests, we cannot uphold the workers' compensation judge's finding that Lee's recent claim for medical expenses is barred by res judicata.

CONCLUSION
The judgment of the Office of Workers' Compensation sustaining the exception raising the objection of res judicata is reversed. Costs are assessed to Twin Brothers Marine Corporation.
REVERSED AND REMANDED.
CARTER, J., concurs.