CARTER, C.J.
[gin this workers’ compensation suit, Duiet J. Malbrough appeals from a judgment in favor of his former employer, K-Mart Corporation, granting K-Mart’s claim to change Mr. Malbrough’s temporary total disability benefits to supplemental earnings benefits for a specified time period and to recover the overpayments made. K-Mart also appeals from the judgment, contending it is entitled to recovery of overpayments for a longer time period than that awarded. For the following reasons, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND[1]
Mr. Malbrough, employed by K-Mart as an automobile mechanic, injured his back in a work-related accident in June 1994. K-Mart paid him temporary total disability benefits (TTD) or supplemental earnings benefits (SEB) from August 1994 through early November 1998. In February 1997, while still paying benefits, K-Mart filed a disputed claim for compensation under docket number 97-01315 (the # 97-01315 claim) contending there was no objective medical evidence to support Mr. Malbrough’s continued treatment.
In July 1997, while the # 97-01315 claim was pending, Mr. Malbrough was diagnosed with mental depression secondary to his injury. In mid-1998, Dr. Jerry McWil-liams, a psychotherapist, and Dr. Geraldine Payne, a psychiatrist, evaluated Mr. Malbrough. Both mental health professionals opined that he suffered from major depression. Dr. McWilliams’ also concluded that Mr. Malbrough was psychologically incapable of working. In April 19.98, however, Mr. Malbrough had begun employment as an | ^emergency medical technician at Lakeview Regional Medical Center (Lakeview), where he continued to work through 1999 and 2000. K-Mart terminated his benefits in early November 1998.
The trial of the # 97-01315 claim was held in November and December of 1998, after which the Office of Workers’ Compensation (OWC) judge signed a judgment in Mr. Malbrough’s favor, reinstating TTD until such time as Drs. McWilliams and Payne released him to return to work. K-Mart appealed the # 97-01315 judgment, and on September 22, 2000, this court affirmed the reinstatement of TTD in an unpublished opinion. K-Mart v. Malbrough, 99-2141 (La.App. 1 Cir. 9/22/00), 771 So.2d 317, writ denied, 00-3383 (La.2/16/01), 786 So.2d 100.
On October 19, 2000, K-Mart filed the instant claim with the OWC under docket number 00-08390 (the #00-08390 claim) seeking monthly earnings reports for the time periods Mr. Malbrough was requesting compensation benefits and to obtain his up-to-date medical and employment records. On November 22, 2000, Mr. Malbrough responded with an exception of lis" pendens, claiming that K-Mart’s # 00-08390 claim could not proceed until the # 97-01315 claim reached finality through the appellate process. K-Mart then filed a writ to the supreme court, on December 12, 2000, seeking review of this court’s decision on the # 97-01315 claim. On December 22, 2000, the OWC judge granted Mr. Malbrough’s exception of lis pendens on K-Mart’s # 00-08390 claim and the matter was stayed. _
On February 16, 2001, the supreme court denied K-Mart’s writ application in *136 the # 97-01315 claim, and later, the OWC judge lifted the stay in the # 00-08390 suit. K-Mart subsequently paid the TTD owed under the # 97-01315 judgment for the period of November 1998 through October 142000. On March 15, 2001, K-Mart filed an amended claim in the # 00-08390 suit, seeking to modify the # 97-01315 judgment’s award of TTD. K-Mart claimed Mr. Malbrough was only entitled to SEB for the two-year period he worked at Lakeview. K-Mart sought to recoup the alleged overpayment of benefits. In response, on March 11, 2002, Mr. Malb-rough filed an exception of res judicata, claiming that K-Mart’s # 00-08390 claim was not a “new” claim but merely an attempt by K-Mart to again challenge the prospective TTD award in the # 97-01315 judgment. According to Mr. Malbrough, the OWC judge, this court, and the supreme court had all approved the prospective nature of the # 97-01315 judgment, and even if he worked in 1999 and 2000, K-Mart could not now seek to change the # 97-01315 judgment. The OWC judge denied Mr. Malbrough’s exception of res judicata.
After multiple continuances, the trial of K-Mart’s # 00-08390 claim was scheduled for May 12, 2004. Before the trial, counsel agreed to submit the matter for decision to the OWC judge on the sole issue of whether K-Mart was entitled to a credit for TTD paid to Mr. Malbrough when he was employed at Lakeview. K-Mart offered into evidence Mr. Malbrough’s payroll file from Lakeview and a printout of the compensation benefits paid to him during his employment there. Counsel for both parties stipulated that, if Mr. Malbrough would testify, he would agree that he worked at Lakeview for the period identified in his payroll file and that he received workers’ compensation benefits while working at Lakeview. The OWC judge took the matter under advisement.
On June 10, 2004, the OWC judge signed a judgment: (1) granting K-Mart’s petition for modification of the # 97-01315 judgment; (2) modifying | fithe # 97-01315 judgment to reflect Mr. Malbrough’s SEB status from April 9, 1999, the day after the # 97-01315 judgment was signed, through December 20, 2000, while he was employed at Lakeview; (3) granting K-Mart a $21,178.80 credit against Mr. Malbrough’s future indemnity benefits for the overpayment of TTD paid to him while employed at Lakeview; and (4) allowing K-Mart to recover the overpayment by reducing Mr. Malbrough’s future indemnity benefits at a rate not to exceed $100.00 per week until the credit was exhausted.
Mr. Malbrough appeals from the # 00-08390 judgment, contending the # 97-01315 judgment, and all matters decided therein, is res judicata and should not have been modified.[2] In the alternative, he contends that any proper modification of the # 97-01315 judgment could only be effective from March 15, 2001, the date of K-Mart’s amended claim in the # 00-08390 suit, and not retroactively to April 9, 1999, the day after the # 97-01315 judgment was signed.
K-Mart also appeals from the # 00-08390 judgment, contending the OWC judge should have awarded recovery of TTD overpayments from November 3, 1998 through December 2000, and not just from April 9,1999.
*137 RES JUDICATA
The doctrine of res judicata, codified in LSA-R.S. 18:4231, bars relitigation of matters that have previously been litigated and decided, as well as those that have never been litigated but should have been advanced in an earlier suit. Stroscher v. Stroscker, 01-2769 (La.App. 1 Cir. 2/14/03), 845 So.2d 518, 525. Implicit in the concept of res judicata is the | (¡principle that a party had the opportunity to raise a claim in the first adjudication but failed to do so. Id. This is so because a final judgment has the authority of a thing adjudged only as to those issues presented in the pleadings and conclusively adjudicated by the court. Lee v. Twin Brothers Marine Corporation, 03-2034 (La.App. 1 Cir. 9/17/04), 897 So.2d 35, 37.
Juxtaposed to the doctrine of res judica-ta is the concept of modification embodied in the Workers’ Compensation Act. Under LSA-R.S. 23:1310.8 A(l) and B, an OWC judge has continuing jurisdiction to review any award and to make modifications to that award upon a showing that there has been a change in conditions. Within the entire workers’ compensation scheme, this concept of modification is unique because it allows a case to be reopened and the award amended after the judgment becomes final. Falgout v. Dealers Truck Equipment Company, 98-3150 (La.10/19/99), 748 So.2d 399, 405 (citing Denis Juge, Louisiana Workers’ Compensation, § 3:7 (2nd ed.1999). See also Stroud v. Morrison Nursery, 01-931 (La.App. 3 Cir. 12/28/01), 806 So.2d 133, 135, writ denied, 02-0882 (La.5/24/02), 816 So.2d 856 (noting that the rules of finality applicable to ordinary judgments do not apply to workers’ compensation judgments). The purpose of the modification statute is to allow adjustments to be made after judgment “to insure that the employee will be paid compensation during the full period of his disability and that the employer will not be required to pay for any longer than this period of disability.” Landreneau v. Liberty Mutual Insurance Company, 309 So.2d 283, 285 (La.1975) (citing Malone & Johnson, Louisiana Workmen’s Compensation Law and Practice § 281, pp. 57-58 (1st ed. 1964 Supp.)).
|7K-Mart’s Entitlement to Reimbursement for TTD Paid for Dates Prior to # 97-01315 Judgment
It is clear from the record that K-Mart knew Mr. Malbrough was working as an EMT at Lakeview while the # 97-01315 claim was pending. Mr. Glenn Privette, a claims examiner responsible for handling Mr. Malbrough’s workers’ compensation claim,[3] testified at the # 97-01315 trial that he learned of Mr. Malbrough’s Lake-view employment when he read a report from Dr. Payne, dated July 21, 1998, wherein Mr. Malbrough’s Lakeview employment was documented. Mr. Privette also testified that in August 1998, he issued SEB checks to Mr. Malbrough for March 31, 1998 through July 31, 1998, based on monthly earnings reports that indicated Mr. Malbrough was working at Lakeview during this period. Further, the # 97-01315 record shows Mr. Malbrough submitted monthly earnings reports to K-Mart for August through October of 1998 and that his Lakeview employment records were entered into evidence at the trial.
With this knowledge that Mr. Malb-rough was employed and that he was seeking reinstatement of TTD at the trial of the # 97-01315 claim, it was K-Mart’s responsibility at that time to raise the issue of his employment and to seek a restriction of his benefits to SEB. It is clear that *138 K-Mart had the opportunity to raise that claim in the # 97-01315 trial, but failed to do so. Thus, the doctrine of res judicata bars the assertion of that claim, and K-Mart’s assignment of error, contending the OWC judge should have awarded recovery of TTD overpayments for dates before the # 97-01315 judgment, is without merit.
IsK-Mart’s Entitlement to Reimbursement for TTD Paid for Dates After # 97-01315 Judgment
In contrast to the above, res judica-ta does not bar K-Mart’s claim for reimbursement of TTD paid for periods after the # 97-01315 judgment. K-Mart could not have raised Mr. Malbrough’s 1999 and 2000 employment during the # 97-01315 trial, because that employment had not yet occurred. See Jackson v. Iberia Parish Government, 98-1810 (La.4/16/99), 732 So.2d 517, 524-525. Further, this court’s review and the supreme court’s review of the # 97-01315 judgment were limited to the record developed in the OWC tribunal. Any factual events that occurred after the
# 97-01315 judgment are irrelevant. Thus, we need not consider Mr. Malb-rough’s assertions that this court and the supreme court were aware of and considered his 1999 and 2000 employment. His argument that the # 97-01315 judgment is res judicata as to changes of condition that occurred after its rendition is without merit.
The # 97-01315 judgment awarded Mr. Malbrough TTD, retroactive to November 3,1998, and until such time as Drs. McWilliams and Payne released him to return to work. In the present # 00-08390 case, the OWC judge determined Mr. Malbrough’s Lakeview employment and concurrent receipt of TTD constituted a “change in conditions” sufficient to modify the # 97-01315 award, effective April 9, 1999.
Under LSA-R.S. 23:1310.8, “[ujpon the application of any party in interest, on the ground of a change in conditions, the [OWC] judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded .... ” This statutory language is broad and does not limit |9the requisite change in conditions to a physical change in the claimant’s condition. Truitt v. Temp Staffers, 04-0590 (La.App. 1 Cir. 4/6/05), 915 So.2d 786, 794, writ denied, 05-1162 (La.6/24/05), 904 So.2d 742; McElroy v. Dynasty Transportation, Inc., 04-0599 (La.App. 1 Cir. 3/24/05), 907 So.2d 69, 73.
Given the unique concept of modification applicable to workers’ compensation judgments, we find no error in the OWC judge’s determination that as of April 9, 1999, Mr. Malbrough’s Lakeview employment and concurrent receipt of TTD constituted a “change in conditions” sufficient to warrant a reduction in his benefits to SEB. As stated by the OWC, “[t]he clear wording of LSA-R.S. 23:1221(l)(b) prohibits the receipt of [TTD] when an employee is working and earning wages.” Thus, even if Drs. McWilliams and Payne had not yet released Mr. Malbrough to return to work as of April 9, 1999, there is no dispute that Mr. Malbrough was in fact working and earning wages. Thus, the OWC judge correctly determined K-Mart was not required to pay him TTD.
Mr. Malbrough argues that if K-Mart is entitled to recoup the compensation overpayments, any proper modification of the # 97-01315 judgment can only be effective from March 15, 2001, the date of K-Mart’s amended claim in the # 00-08390 suit, and not retroactively to April 9, 1999. In support of his position, Mr. Malbrough relies on cases dealing with an employer’s right under LSA-R.S. 23:1225 *139 to reduce its workers’ compensation obligation when an employee receives other enumerated benefits, such as social security benefits or disability benefits. These cases support the proposition that an employer claiming a reduction under LSA-R.S. 23:1225 can only reduce its workers’ compensation payments from the |indate of judicial demand. See, e.g., Prevost v. Jobbers Oil Transport Company, 97-2514 (La. App. 1 Cir. 6/29/98), 713 So.2d 1208, 1212, and Cross v. Travelers Insurance Company, 619 So.2d 610, 616 (La.App. 2 Cir. 1993).
We do not find this jurisprudentially created rule controlling in this case. K-Mart’s TTD reimbursement claim is not based on LSA-R.S. 23:1225’s offset provisions, but, rather, on LSA-R.S. 23:1310.8’s modification provisions. We find no statutory or controlling jurisprudence requiring that the reimbursement, based on a change of conditions, be allowed only from the date of judicial demand.[4] Rather, the OWC judge’s choice to allow reimbursement from April 9, 1999, fulfills the modification statute’s purpose of insuring that Mr. Malbrough was paid proper compensation during the full period of his disability in 1999 and 2000 and that K-Mart was not required to pay more than necessary for that period of disability. Mr. Malbrough’s argument to the contrary is without merit.
CONCLUSION
For the above reasons, the OWC judgment in the # 00-08390 suit is affirmed. Costs of this appeal are to be borne equally by the parties.
AFFIRMED.
GAIDRY, J., concurs.
DOWNING, J., dissents-and assigns reasons.

. The factual and procedural history of Mr. Malbrough’s work-related injury and receipt of compensation benefits are set forth in this court’s previous unpublished opinion, K-Mart v. Malbrough, 99-2141 (La.App. 1 Cir. 9/22/00), 771 So.2d 317, writ denied, 00-3383 (La.2/16/01), 786 So.2d 100. The pertinent facts are incorporated here.

. The OWC judge previously denied an exception of res judicata filed by Mr. Malbrough. The denial of an exception of res judicata is an interlocutory judgment that may be reconsidered by an appellate court on later review after judgment on the merits in the trial court. See Tolis v. Board of Supervisors of LSU, 95-1529 (La. 10/16/95), 660 So.2d 1206, 1207 (per curiam).

. Mr. Privette was employed by Integrated Healthcare Delivery Services, which was the third party administrator hired by K-Mart to administer its workers' compensation claims.

. This court has allowed an employer to recoup overpayment of compensation benefits paid for a seven-year period occurring well before the employer’s demand for reimbursement was made. See Hebert v. Terrebonne Parish School Board, 03-1444 (La.App. 1 Cir. 5/14/04), 879 So.2d 222, 226.