CARTER, C.J.
 

 | sPlaintiff/appellant, Joe W. Middleton, appeals an Office of Workers’ Compensation (OWC) judgment sustaining the peremptory exception of
 
 res judicata,
 
 filed by defendant/appellee, Livingston Timber, Inc. For the following reasons, we reverse.
 

 FACTS AND PROCEDURAL HISTORY
 

 The instant case arose from an injury sustained by plaintiff on May 12, 2005, while in the course and scope of his employment. Plaintiff was working as a saw operator on a logging job when a .skidder with a log attached went in reverse, causing the log to roll onto plaintiffs right leg and fracture his tibia. Plaintiff was treated and paid workers’ compensation indemnity and medical benefits relative to his leg injury through defendant’s workers’ compensation carrier.
 

 In August 2006, plaintiff filed a disputed claim for compensation claiming, among other things, “defendant failed to pay or timely pay indemnity benefits at the proper rate, failed to pay/authorize or timely pay/authorize medical expenses, and failed to provide or timely provide a copy of the medical records after written request.” In the judgment, rendered June 1, 2009, the workers’ compensation judge found that plaintiff “failed to carry his burden of
 
 *592
 
 proof that defendant failed to timely pay all workers’ compensation benefits, indemnity and medical, due to claimant” and dismissed plaintiffs case with prejudice. No appeal was taken from that judgment.
 

 In June 2009, plaintiff filed a second disputed claim for compensation against defendant claiming only that his wage benefits were terminated or reduced in July 2006. In response, defendant filed an exception of
 
 res judicata,
 
 which was sustained by the workers’ compensation judge after a hearing. This appeal followed.
 

 \ ¿DISCUSSION
 

 Louisiana Revised Statutes § 13:4231, which sets forth the factors for a court to apply in determining whether a subsequent claim is barred by
 
 res judicata,
 
 provides:
 

 Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
 

 (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
 

 (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
 

 (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
 

 Res judicata
 
 promotes judicial efficiency and final resolution of disputes.
 
 Avenue Plaza, LLC v. Falgoust,
 
 96-0173 (La.7/2/96), 676 So.2d 1077, 1079. On the trial of the peremptory exception raising the objection of
 
 res judicata,
 
 the burden of proving facts essential to sustaining the objection is on the party pleading the objection.
 
 Union Planters Bank v. Commercial Capital Holding Corp.,
 
 04-0871 (La.App. 1 Cir. 3/24/05), 907 So.2d 129, 130. The doctrine of
 
 res judicata
 
 is
 
 stricti juris
 
 and should be rejected when doubt exists as to whether a party’s substantive rights have actually been previously addressed and finally resolved.
 
 Dominique ex rel. Dominique v. Allied Discount Tire and Brake, Inc.,
 
 02-1338 (La.App. I Cir. 5/9/03), 849 So.2d 690, 695,
 
 writ denied,
 
 03-1605 (La.10/3/03), 855 So.2d 320. A final judgment has the authority of a thing adjudged only as to .those issues presented in the pleadings and conclusively adjudicated by |4the court.
 
 K-Mart Corp. v. Malbrough,
 
 04-2609 .(La.App. 1 Cir. 12/22/05), 928 So.2d 133, 137. When a party raises the objection of
 
 res judicata,
 
 the court must examine not only the pleadings but also the entire record in the first suit to determine whether the second suit is barred by
 
 res judicata. Union Planters,
 
 907 So.2d at 130.
 

 The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcripts, jury instructions (if applicable), judgments, and other rulings, unless otherwise designated.
 
 Lee v. Twin Brothers Marine Corp.,
 
 03-2034 (La.App. 1 Cir. 9/17/04), 897 So.2d 35, 37-38;
 
 see also
 
 La. C.C.P. arts. 2127, 2128, and 2127 (comment d). In the instant case, the defendant failed to meet his burden at trial of the exception because he did not file the entire record of the previous litigation into evidence. Accordingly, this court cannot
 
 *593
 
 determine whether the issue of plaintiffs benefit termination in July 2006 was actually litigated.
 
 See Lee,
 
 897 So.2d 35. Without the benefit of the record upon which the June 2009 judgment rests, we cannot uphold the workers’ compensation judge’s finding that plaintiffs second claim is barred by
 
 res judicata.
 

 DECREE
 

 The OWC judgment sustaining the peremptory -exception of
 
 res judicata
 
 is reversed and the matter is remanded to the Office of Workers’ Compensation, District 6. Costs of this appeal are assessed to defendant, Livingston Timber, Inc.
 

 REVERSED AND REMANDED.