TERRI F. LOVE, Judge.
|; This appeal arises from protracted litigation surrounding a succession. The plaintiff filed a motion to fix compensation and expenses, which the trial court granted and awarded the plaintiff $10,000. The plaintiff alleges that the trial court is biased against him and should have awarded him more money. We find that the trial court did not err in awarding $10,000 and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Walter Horrell, his siblings, and Lisa Matthews, the current provisional adminis-tratrix, have been involved in protracted litigation regarding Edward Horrell, Sr.’s succession (“Succession”) since 1993. See In re Succession of Horrell, 11-0194; 11-0195 (La.App. 4 Cir. 11/30/11), 79 So.3d 1162; In re Succession of Horrell, 07-1533 (La.App. 4 Cir. 10/1/08), 993 So.2d 354; Matthews v. Horrell, 06-1973 (La.App. 1 Cir. 11/7/07), 977 So.2d 62; Succession of Horrell, 97-2115 (La.App. 4 Cir. 3/25/98), 709 So.2d 1069; and Succession of Horrell, 95-1598; 95-1599 (La.App. 4 Cir. 9/11/96), 680 So.2d 725.
The appeal sub judice only pertains to Mr. Horrell’s motion to fix compensation and expenses for the time and money he expended as the executor of the Succession from July 17, 1993, to January 1997. Mr. Horrell sought $20,055 |2for compensation and $50,217.96 for expenses. The trial court granted Mr. Horrell’s motion, awarding him $10,000. Mr. Horrell’s motion for a devolutive appeal followed.

STANDARD OF REVIEW

“ ‘[T]he appellate court should not disturb’ ” factual findings “ ‘In [sic] the absence of manifest error.’ ” Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978), quoting Canter v. Koehring, 283 So.2d 716, 724 (La.1973). “Therefore, the appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong (manifestly erroneous).” Arceneaux, 365 So.2d at 1333.

COMPENSATION AND EXPENSES

Mr. Horrell contends that the trial court was biased and ignored his evidence; thereby erring by only awarding him $10,000.[1]
An executor shall be allowed as compensation for his services such reasonable amount as is provided in the testament in which he is appointed. An administrator for his services in administering a succession shall be allowed such reasonable amount as is provided by the agreement between the administrator and the surviving spouse, and all competent heirs or legatees of the deceased.
In the absence of a provision in the testament or an agreement between the parties, the administrator or executor shall be allowed a sum equal to two and one-half percent of the amount of the inventory as compensation for his services in administering the succession. The court may increase the compensation upon a proper showing that the usual commission is inadequate.
|aA provisional administrator or an administrator of a vacant succession shall *1269 be allowed fair and reasonable compensation by the court for his services.
The compensation of a succession representative shall be due upon the homolo-gation of his final account. The court may allow an administrator or executor an advance upon his compensation at any time during the administration.
La. C.C.P. art. 3351. However, Comment (h) of the official revision comments provides that “[t]here is no statutory provision dealing with forfeiture of compensation where the administrator has been guilty of maladministration.” Comment (h) further states that “[s]ince the jurisprudence covers the question adequately, no specific article providing for forfeiture under such circumstances is necessary.” See Succession of Touzanne, 36 La.Ann. 420 (1884) and Succession of Liles, 24 La.Ann. 490 (1872). Penalizing an executor/administrator for the improper handling of an estate, maladministration, or wrongdoing is within the discretion of the court. Succession of Gandolfo, 173 La. 190, 136 So. 561 (1931).
Regarding Mr. Horrell’s duties as the executor for less than four years and his subsequent actions, the trial court stated in its reasons for judgment:
At issue is whether Walter should be compensated as a testamentary executor for his efforts to see that the testament was faithfully executed. The facts in this case present a unique situation in which the Court finds that Walter is not entitled to be compensated for his efforts. This Court must note Walter’s role in having his deceased father execute a will which was later determined to be confected without testamentary capacity. This Court believes that Walter was aware that his father lacked testamentary capacity prior to executing the will, but nevertheless submitted the document to him. To reward Walter’s efforts simply flies in the face of sound legal principles. It would reward him for doing exactly what he should not have done.
Walter is, however, entitled to expenses and legal fees incurred in the administration of the estate. It is next to impossible to calculate those fees and expenses with absolute accuracy as what has been submitted is | intertwined with the efforts to defend the purported will. This Court estimates those fees and expenses at $10,000 which is twice what the administratrix offered him in 1999.
We agree with the trial court judge’s characterization of Mr. Horrell’s listing of fees and expenses. Mr. Horrell’s listing includes time and expenses spent defending the version of his father’s will he sought to probate. The will was later invalidated by this Court, which prevented Mr. Horrell from receiving great monetary gain. Succession of Horrell, 95-1598; 95-1599 (La. App. 4 Cir. 9/11/96), 680 So.2d 725. Additionally, this case presents a unique situation wherein the trial court judge has been handling this matter for almost twenty years. The trial court judge understands every nuance presented in the facts and circumstances of this case. Therefore, after reviewing the record, we do not find that the trial court’s factual findings regarding the amount owed to Mr. Horrell was manifestly erroneous. Accordingly, we affirm.

DECREE

For the above mentioned reasons, we do not find that the trial court erred in awarding Mr. Horrell $10,000.
AFFIRMED

. The transcript of the trial court proceedings referred to by Mr. Horrell in his briefs is not contained in the record of the case sub judice.