CARTER, C.J.
| gPIaintiff/Appellant, Joe W. Middleton, appeals an Office of Workers’ Compensation (OWC) judgment sustaining the peremptory exception raising the objection of res judicata filed by Defendant/Appellee, Livingston Timber, Inc. For the following reasons, we affirm.
On May 12, 2005, plaintiff was working as a saw operator on a logging job when a skidder with a log attached went in reverse, causing the log to roll onto plaintiffs right leg and fracture his tibia. Plaintiff was treated and paid workers’ compensation indemnity and medical benefits relative to his leg injury through defendant’s workers’ compensation carrier.
In August 2006, plaintiff filed a disputed claim for compensation claiming, among other things, “defendant failed to pay or timely pay indemnity benefits at the proper rate, failed to pay/authorize or timely pay/authorize medical expenses, and failed to provide or timely provide a copy of the medical records after written request.” In the judgment, rendered June 1, 2009, the workers’ compensation judge found that plaintiff “failed to carry his burden of proof that defendant failed to timely pay all workers’ compensation benefits, indemnity and medical, due to claimant” and dismissed plaintiffs case with prejudice. No appeal was taken from that judgment.
In June 2009, plaintiff filed a second disputed claim for compensation against defendant claiming only that his wage benefits were terminated or reduced in July 2006. In response, defendant filed a peremptory exception raising the objection of res judicata, which was sustained by the workers’ compensation judge after a hearing. Plaintiff appealed that judgment. This court reversed and remanded because the record in the previous litigation was not in the appeal record and, therefore, there was no evidence to support the workers’ compensation | ¡judge's findings.[1] On remand, defendant re-urged its peremptory exception raising the objection of res judicata, which was sustained by the workers’ compensation judge. Thereafter, this appeal was filed.
Louisiana Revised Statutes section 13:4231, which sets forth the factors for a court to apply in determining whether a subsequent claim is barred by res judica-ta, provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on ap *155 peal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Res judicata promotes judicial efficiency and final resolution of disputes. Avenue Plaza, LLC v. Falgoust, 96-0173 (La.7/2/96), 676 So.2d 1077, 1079. On the trial of the peremptory exception raising the objection of res judicata, the burden of proving facts essential to sustaining the objection is on the party pleading the objection. Union Planters Bank v. Commercial Capital Holding Corp., 04-0871 (La.App. 1 Cir. 3/24/05), 907 So.2d 129, 130. The doctrine of res judicata is stricti juris and should be rejected when doubt exists as to whether a party’s substantive rights have actually been previously addressed and finally resolved. Domingue ex rel. Domingue v. Allied Discount Tire and Brake, Inc., 02-1338 (La.App. 1 Cir. 5/9/03), 849 So.2d 690, 695, writ denied, 03-1605 (La.10/3/03), 855 So.2d 320. A final judgment has the authority of a thing adjudged only as to those issues presented in the pleadings and conclusively adjudicated by the court. K-Mart Corp. v. Malbrough, 04-2609 (La.App. 1 Cir. 12/22/05), 928 So.2d 133, 137. When a party raises the objection of res judicata, the court must examine not only the pleadings but also the entire record in the first suit to determine whether the second suit is barred by res judicata. Union Planters Bank, 907 So.2d at 130.
Upon our examination of the record of the first suit, we find no error in the judgment sustaining defendant’s exception of res judicata. Therefore, the judgment of the workers’ compensation judge is affirmed, and this opinion is issued in accordance with Uniform Rules-Courts of Appeal, Rule 2-16.2 A(6). Costs of this appeal are assessed to Plaintiff/Appellant, Joe W. Middleton.
AFFIRMED.

. Middleton v. Livingston Timber, Inc., 10-1203 (La.App. 1 Cir. 2/11/11), 57 So.3d 590, 592-593.