STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0945

WALTER J. HORRELL ET AL

VERSUS

JACK MARKS ALLTMONT ET AL

Judgment rendered: **JUL 3 1 2020**

* * * * *

On Appeal from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
No. 2017-15086, Div. "F"

The Honorable Martin Coady, Judge Presiding

* * * * *

Walter J. Horrell
Covington, Louisiana

Attorney for Plaintiffs/Appellants
Walter J. Horrell and Edna R. Horrell


Jack M. Alltmont
Eric M. Schorr
New Orleans, Louisiana

Attorneys for Defendants/Appellees
Jack Marks Alltmont, Eric M. Schorr,
Gaye H. Coffer, Edward A. Horrell,
Jr., Michael J. Horrell and Marie Elise
Lecour


* * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

McClendon, J. concurs without reasons.

Welch J. concurs without reasons

**HOLDRIDGE, J.**

The plaintiffs, Walter J. Horrell and Edna R. Horrell, appeal from a trial court judgment granting a motion for summary judgment in favor of the defendants, Jack M. Alltmont, Eric M. Schorr, Gaye H. Coffer, Edward A. Horrell, Jr., Marie Elise LeCour, and Michael J. Horrell, and dismissing the plaintiffs' claims with prejudice. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

This ongoing matter has been before this Court and the Louisiana Fourth Circuit Court of Appeal on numerous occasions,[1] the most recent of which was **Horrell v. Barrios**, 2016-1547 (La. App. 1 Cir. 3/15/18), 2018 WL 1373653, (unpublished), writ denied, 2018-0931 (La. 9/28/18), 253 So.3d 144. **Barrios** discussed in depth the factual and procedural history of the parties and affirmed the dismissal of the plaintiffs' possessory action.[2] Therefore, the factual background and procedural history of the litigation leading to this particular appeal will not be repeated.

On November 2, 2017, the plaintiffs filed an "Action for Damages, Possessory Actions, Relief by Ordinary Proceedings and Injunctive Relief" against

---

[1] See e.g., **Horrell v. Barrios**, 2012-2054 (La. App. 1 Cir. 9/26/13), 2013 WL 5435792 (unpublished); **Horrell v. Barrios**, 2012-2055 (La. App. 1 Cir. 9/26/13), 2014 WL 5435803 (unpublished); **Horrell v. Matthews**, 2010-1694 (La. App. 1 Cir. 5/6/11), 2011 WL 1941588 (unpublished), writ denied, 2011-1848 (La. 11/4/11), 75 So.3d 925; **Horrell v. Barrios**, 2009-2199 (La. App. 1 Cir. 7/21/10), 2010 WL 2844342 (unpublished); **Matthews v. Horrell**, 2006-1973 (La. App. 1 Cir. 11/7/07), 977 So.2d 62; **Horrell v. Matthews**, 2006-1838 (La. App. 1 Cir. 8/15/07), 2007 WL 2318134 (unpublished); **Horrell v. Horrell**, 1999-1093 (La. App. 1 Cir. 10/6/00), 808 So.2d 363, writ denied, 2001-2546 (La. 12/7/01), 803 So.2d 971; **Succession of Horrell**, 2011-1574 (La. App. 4 Cir. 4/11/12), 102 So.3d 139; **Succession of Horrell**, 2011-1577 (La. App. 4 Cir. 4/18/12), 89 So.3d 1267, writ denied, 2012-1348 (La. 9/28/12), 98 So.3d 846; **Succession of Horrell**, 2011-0194 (La. App. 4 Cir. 11/30/11), 79 So.3d 1162, writ denied, 2012-0180 (La. 3/23/12), 85 So.3d 96; **Succession of Horrell**, 1995-1598 (La. App. 4 Cir. 9/11/96), 680 So.2d 725, writ denied, 1996-2841 (La. 1/31/97), 687 So.2d 403.

[2] In **Barrios**, this Court denied the plaintiffs' possessory action claim for the property at issue in the instant appeal and noted that the defendants sold the immovable property to a third party. **Barrios**, 2018 WL 1373653, at *16, n.5.

2

the defendants.[3] The plaintiffs argued that they corporeally possessed the immovable property located at Square 1807 of the New Covington Addition to the Town of Covington in St. Tammany Parish prior to being evicted on November 17, 2016, by the defendants. The plaintiffs requested damages for the eviction and that the trial court recognize them as the possessors of the immovable property.

On October 9, 2018, the defendants filed a motion for summary judgment, requesting a dismissal of the plaintiffs' claims because the basis of those claims had been adjudicated by the Twenty-Second Judicial District Court in prior litigation. Specifically, the defendants argued that the plaintiffs' claims were barred by res judicata and collateral estoppel because the Twenty-Second Judicial District Court previously rendered judgment dismissing the plaintiff's possessory action. In support of their motion, the defendants filed a memorandum that requested the trial court to take judicial notice of prior litigation from the Twenty-Second Judicial District Court, this Court, and the Louisiana Supreme Court concerning the parties and property at issue. No supporting documents were attached to the defendants' memorandum.

In response, the plaintiffs filed a memorandum opposing the motion for summary judgment. Within the plaintiffs' opposition memorandum, they filed a declinatory exception raising the objection of insufficiency service of process, dilatory exception raising the objections of prematurity and vagueness or ambiguity of the petition, and peremptory exception raising the objection of res

---

[3] We note that the plaintiffs also named Medstate, L.L.C., Lisa C. Matthews, and Don A. McMath as additional defendants in their petition. The motion for summary judgment was filed on behalf of Jack M. Allmont, Eric M. Schorr, and "all members of the Horrell family who have been named as defendants in this case[.]" From the record, it does not appear that the motion was filed on behalf of Medstate, L.L.C. and Lisa C. Matthews. Furthermore, the record does not contain any documents to determine if Medstate, L.L.C. or Lisa C. Matthews were defendants in any previous lawsuit filed by the plaintiffs. Since the matter is being remanded to the trial court, we pretermit any discussion of this issue.

judicata.[4] On December 18, 2018, the trial court held a hearing on the defendants' motion for summary judgment. After hearing arguments from the parties, the trial court signed a judgment on January 14, 2019, that overruled the plaintiffs' exceptions, granted the defendants' motion for summary judgment, and dismissed the plaintiffs' claims with prejudice.[5] Subsequently, the plaintiffs filed a motion for new trial that was denied. The plaintiffs then appealed the January 14, 2019 judgment.

## STANDARD OF REVIEW AND APPLICABLE LAW

Generally, an objection of res judicata to bar a subsequent action is raised by a peremptory exception. La. C.C.P. art. 927(3). The doctrine of res judicata is found in La. R.S. 13:4231 and defeats a subsequently filed action when the following elements are satisfied: (1) the judgment in the final litigation is valid; (2) the judgment is final and definitive; (3) the cause of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (4) the cause of action in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. See **Burguieres v. Pollingue**, 2002-1385 (La. 2/25/03), 843 So.2d 1049, 1053; **Bovie v. St. John the Baptist Parish, Dept. of Streets and Roads**, 2013-162 (La. App. 5 Cir. 9/4/13), 125 So.3d 1158, 1161. The party who urges an exception of res judicata bears the burden of proving its essential elements by a preponderance of the evidence. **Id.** When a party raises an objection of res judicata or raises the issue in a motion for summary judgment, the court must examine not only the pleadings, but also the entire record in the first suit to determine whether the second suit is, in fact, barred by res judicata. See

---

[4] While it is not proper to include an exception in an opposition to a motion for summary judgment, no party raised this issue on appeal. Therefore, we will not address it.

[5] On February 12, 2019, the trial court issued written reasons for judgment.

**Middleton v. Livingston Timber, Inc.,** 2010-1203 (La. App. 1 Cir. 2/11/11), 57 So.3d 590, 592.

In **R. G. Claitor's Realty v. Juban,** 391 So.2d 394, 397 (La. 1980), the Louisiana Supreme Court recognized that a plea of res judicata may be raised by a motion for summary judgment when there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. In this case, the mover raised the issue of res judicata by filing a motion for summary judgment. Therefore, the mover is bound by the requirements of La. C.C.P. art. 966 in order to provide documentary evidence to show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law in order to have the plaintiffs' case dismissed on the basis of res judicata. See La. C.C.P. art. 966(A)(3).

The procedure for a peremptory exception raising the objection of res judicata and a motion for summary judgment raising the issue of res judicata are different.[6] On the trial of a peremptory exception, evidence may be introduced to support or contradict the objection of res judicata. La. C.C.P. art. 931. If an objection of res judicata is raised in a motion for summary judgment, only the documents provided for in La. C.C.P. art. 966(A)(4) may be filed in support of or opposition to the motion. Furthermore, no oral testimony shall be allowed at a hearing on a motion for summary judgment, and the court can consider only those documents filed in support of or in opposition to the motion. See La. C.C.P. art. 966, comments—2015, comment (c). This rule differs from Federal Rules of Civil Procedure, Rule 56(3), which allows the court to consider other materials in the

---

[6] The standard for review by an appellate court may also be different. Review of a motion for summary judgment is a *de novo* review, whereas review for a peremptory exception raising the objection of res judicata may be a manifest error review of the evidence produced at the hearing. See **Pottinger v. Price,** 2019-0183 (La. App. 1 Cir. 10/23/19), 289 So.3d 1047, 1053; **Pierrotti v. Johnson,** 2011-1317 (La. App. 1 Cir. 3/19/12), 91 So.3d 1056, 1063.

record in deciding the motion for summary judgment. See La. C.C.P. art. 966, comments—2015, comment (k).[7]

The Code of Civil Procedure places the burden of proof on the party filing a motion for summary judgment. La. C.C.P. art. 966(D)(1). The mover can meet its burden by filing supporting documentary evidence consisting of pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions with its motion for summary judgment. La. C.C.P. art. 966(A)(4). The mover's supporting documents must prove the essential facts necessary to carry the mover's burden. Thus, in deciding a motion for summary judgment, it must first be determined whether the supporting documents presented by the mover are sufficient to resolve all material fact issues. **Crockerham v. Louisiana Medical Mutual Insurance Company,** 2017-1590 (La. App. 1 Cir. 6/21/18), 255 So.3d 604, 608 citing **Dimattia v. Jackson Nat. Life Ins. Co.,** 2004-1936 (La. App. 1 Cir. 9/23/05), 923 So.2d 126, 129.

Once the mover properly establishes the material facts by its supporting documents, the mover does not have to negate all of the essential elements of the adverse party's claims, actions, or defenses if he will not bear the burden of proof at trial. La. C.C.P. art. 966(D)(1); **Jenkins v. Hernandez,** 2019-0874 (La. App. 1 Cir. 6/3/20), 2020 WL 2898123, at *3 (unpublished); **Babin v. Winn-Dixie Louisiana, Inc.,** 2000-0078 (La. 6/30/00), 764 So.2d 37, 39; **Hardy v. Bowie,** 1998-2821 (La. 9/8/99), 744 So.2d 606, 609; **Hayes v. Autin,** 1996-287 (La. App. 3 Cir. 12/26/96), 685 So.2d 691, 695, writ denied, 1997-0281 (La. 3/14/97), 690 So.2d 41. The moving party must only point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or

---

[7] Comment (k) to article 966 states that "[s]ubparagraph (D)(2) makes clear that the court can consider only those documents filed in support of or in opposition to the motion."

defense. La. C.C.P. art. 966(D)(1); **Celotex Corp. v. Catrett**, 477 U.S. 317, 332, 106 S.Ct. 2548, 2557, 91 L.Ed.2d 265 (1986); **Mercadel v. State Through Department of Public Safety and Corrections**, 2018-0415 (La. App. 1 Cir. 5/15/19), 2019 WL 2234404, at *5-6 (unpublished). The burden then shifts to the non-moving party to produce factual support, through the use of proper documentary evidence attached to its opposition, which establishes the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1); see also La. C.C.P. art. 966, comments—2015, comment (j).

If the non-moving party fails to produce sufficient factual support in its opposition which proves the existence of a genuine issue of material fact, article 966(D)(1) mandates the granting of the motion for summary judgment. **Jenkins**, 2020 WL 2898123, at *3; **Babin**, 764 So.2d at 40; **Celotex Corp.**, 477 U.S. at 326, 106 S.Ct. 2554.

Material facts are those that potentially insure or preclude recovery, affect the litigant's success, or determine the outcome of a legal dispute. **Daniels v. USAgencies Cas. Ins. Co.**, 2011-1357 (La. App. 1 Cir. 5/3/12), 92 So.3d 1049, 1055. Appellate courts review evidence *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.*, whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Là. C.C.P. art. 966(A)(3); **Turner v. Rabalais**, 2017-0741 (La. App. 1 Cir. 12/21/17), 240 So.3d 251, 255, writ denied, 2018-0123 (La. 3/9/18), 237 So.3d 1193.

The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a

timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider. La. C.C.P. art. 966(D)(2).

## DISCUSSION

In this case, the defendants are the movers and bear the initial burden of proof on the motion for summary judgment. See La. C.C.P. art. 966(D)(1). Furthermore, the defendants have the burden of proving entitlement to a dismissal of the plaintiffs' claim on the basis of res judicata. Accordingly, if the supporting documents presented by the defendants are sufficient to resolve all material issues of fact, only then would the burden shift to the plaintiffs to present evidence showing that a material fact is still at issue. La. C.C.P. art. 966(D)(1); **Neighbors Federal Credit Union v. Anderson**, 2015-1020 (La. App. 1 Cir. 6/3/16), 196 So.3d 727, 734 (on a motion for summary judgment, it must first be determined that the documents presented by the moving party are sufficient to resolve all material issues of fact, and only if the documents are sufficient does the burden shift to the opposing party to present evidence showing that a material fact is still at issue).

In support of their motion for summary judgment, the defendants failed to submit any supporting documents to resolve all material issues of fact. The defendants relied solely on their motion and memorandum to show that there is no genuine issue as to material fact and that they are entitled to judgment as a matter of law. In their memorandum, the defendants alleged that the plaintiffs' "suit [was] an attempt to relitigate issues which ha[d] already been judicially determined against them in ... prior litigation that ... ha[d] ... become final when the Louisiana Supreme Court denied writs on September 28, 2018. The writ denial

8

rendered final [this Court's] March 15, 2018 decision in First Circuit No. 2016-CA-1547 c/w 2016-CA-1548." Therefore, the defendants requested that the trial court "take judicial notice of those decisions and, if necessary, take those decisions as exhibits in this case."

In response, the plaintiffs filed a memorandum opposing the defendants' motion for summary judgment. In their memorandum, the plaintiffs argued that the defendants' memorandum supporting their motion for summary judgment did not comply with Louisiana District Court Rule 9.10.[8] Specifically, the defendants argued that the plaintiffs' memorandum was defective because it did not include a list of essential legal elements or material facts that it contended were undisputed and the memorandum made no reference to a document proving each fact.

The issue before this Court is whether the defendants have sufficiently presented documentary evidence in the record, which would prove their entitlement to a judgment dismissing the plaintiffs' suit on the basis of res judicata. Although the defendants made several factual allegations in their memorandum, they failed to attach any documents as exhibits to their memorandum, which would establish any material facts. A memorandum is not a pleading or evidence, but a document that can be used to advance the mover's argument in support of or opposition to a motion for summary judgment. See La. C.C.P. art. 966, comments—2015, comment (c).[9] Even though the defendants requested that the

---

[8] Louisiana District Court Rule 9.10(a) requires a memorandum in support of a motion for summary judgment contain the following:

(1) A list of the essential legal elements necessary for the mover to be entitled to judgment;
(2) A list of the material facts that the mover contends are not genuinely disputed; and
(3) A reference to the document proving each such fact, with the pertinent part containing proof of the fact designated.

[9] Comment (c) to La. C.C.P. art. 966 states, in pertinent part, the following:

9

trial court take judicial notice[10] of the decisions "of the 22nd JDC, the First Circuit and the Supreme Court," this request does not satisfy the requirements of La. C.C.P. arts. 966(A)(4) or (D)(2). Unlike the **Juban** case, wherein the mover introduced an affidavit and the entire record of the proceedings in the prior case which was the basis of the res judicata finding, the defendants in this case failed to attach any documents to their motion or memorandum in compliance with La. C.C.P. art. 966. **Juban**, 391 So.2d at 396-97 The defendants only requested that the trial court take judicial notice of the decisions of the Twenty-Second Judicial District Court, this Court, and the Louisiana Supreme Court. **Id**. While a trial court can take judicial notice from another court in making a determination as to the applicable law, in a summary judgment proceeding, the other judgments and suit record documents must be filed in support of or in opposition to the motion in order to allow the trial court to make a factual finding as to whether the present suit is barred by the application of res judicata in accordance with La. R.S. 13:4231. Therefore, the trial court was in error in considering or taking judicial notice of the decisions of various courts and not requiring the defendants to attach or provide the

---

Subparagraph (A)(4), which is new, contains the exclusive list of documents that may be filed in support of or in opposition to a motion for summary judgment. This Subparagraph intentionally does not allow the filing of documents that are not included in the exclusive list, such as photographs, pictures, video images, or contracts, unless they are properly authenticated by an affidavit or deposition to which they are attached. Although a memorandum is not a pleading or evidence, it is a proper document that can be used by a party to advance his arguments in support of or in opposition to the motion. See e.g., Meaux v. Galtier, 972 So.2d 1137 (La. 2008). ... This Subparagraph continues the rule that no oral testimony shall be allowed at a hearing on a motion for summary judgment, even if all parties agree. See Mapp Construction, LLC v. Amerisure Mutual Insurance Co., 143 So.3d 520 (La. App. 1st Cir. 2014).

[10] Louisiana Code of Evidence article 202 provides that this Court may take judicial notice of its own proceedings. **Pinegar v. Harris**, 2006-2489 (La. App. 1 Cir. 5/4/07), 961 So.2d 1246, 1249. Louisiana Code of Evidence article 201(D) compels a court to take judicial notice upon request "if supplied with the information necessary for the court to determine that there is no reasonable dispute as to the fact."

10

necessary documents in order to properly grant the defendants' motion for summary judgment.[11]

Accordingly, after a *de novo* review, we find that the defendants failed to submit any evidence in support of the motion for summary judgment to determine whether or not there remain genuine issues of material fact as to the issue of res judicata. The trial court, and this court on *de novo* review, may only consider evidence that is admissible under the express provisions of La. C.C.P. arts. 966-67. **Terrell v. Town of Lecompte**, 2018-1004 (La. App. 3 Cir. 6/5/19), 274 So.3d 605, 611. Although a trial court can take judicial notice of a prior judgment, which was rendered in its own district, such notice is insufficient evidence for an appellate court to sustain a judgment dismissing a suit on the basis of res judicata. See **Union Planters Bank v. Commercial Capital Holding Corp.**, 2004-0871 (La. App. 1 Cir. 3/24/05), 907 So.2d 129, 130 (wherein this Court stated "[w]e note ... that there is no provision in the law for this court to take judicial notice of a suit record from another court ... [t]he record before this court contains no evidence showing that this matter has been adjudicated." It was incumbent on the party pleading the objection of res judicata to introduce the suit record into evidence at the trial court juncture of these proceedings.); see also **Bovie**, 125 So.3d at 1161-62 (wherein the appellate court stated that "[a]lthough the trial court could take judicial notice of the prior judgment, which was rendered in its own district, such notice is insufficient evidence for this Court to affirm the sustaining of an exception of res judicata on appeal.")

Thus, without the appropriate supporting documentation in the record, there is nothing for this Court to review. There is no provision in La. C.C.P. art 966

---

[11] We note that the necessary documents required to be filed with the motion for summary judgment may include the entire suit record from the previous suit which was the basis for the res judicata. See **Middleton**, 57 So.3d at 592.

11

which will allow a party to support or oppose factual issues without proper documentation. In this case, the record before this Court contains no evidence showing the proper facts which would allow a determination that the present suit was barred by res judicata.[12]

Furthermore, District Court Rule 9.10(a) provides that a memorandum shall contain "[a] reference to the document proving each [material fact that the mover contends is not genuinely disputed], with the pertinent part containing proof of the fact designated." In this case, the defendants failed to file any documentary evidence with their memorandum in support of their motion for summary judgment nor did their memorandum comply with the requirements of Louisiana District Court Rule 9.10(a) as was necessary for the defendants to be entitled to summary judgment. See La. C.C.P. art. 966(A)(4); **Mercadel**, 2019 WL 2234404, at *8-9. While it is true that the defendants may attach documentation which supports the facts it contends as undisputed and meet the requirements of District Court Rule 9.10, the defendants failed to do so in this case. See **Hibernia Nat. Bank v. Rivera**, 2007-962 (La. App. 5 Cir. 9/30/08), 996 So.2d 534, 538.

In conducting a *de novo* review, this Court must apply the identical criteria of the trial court, which includes requiring the mover to comply with District Court Rule 9.10. This Court should not make the same error as the trial court and fail to require the defendants to follow the mandatory provisions of District Court Rule 9.10. **Mills v. Cyntreniks Plaza, L.L.C.**, 2014-1115 (La. App. 1 Cir. 8/19/15), 182 So.3d 80, 86-87, writ denied, 2015-1714 (La. 11/6/15), 180 So.3d 308.

---

[12] The mover could have either attached a copy of all of the necessary documents from the suit records or could have obtained a written stipulation to allow those documents to be introduced. See La. C.C.P. art. 966(A)(4).

12

Therefore, the trial court erred in granting the defendants' motion for summary judgment, dismissing the plaintiffs' claims against the defendants with prejudice.[13]

## CONCLUSION

The trial court's January 14, 2019 judgment granting the defendants' motion for summary judgment is vacated, and this case is remanded to the trial court for further proceedings. All costs of this appeal are assessed to the defendants, Jack Marks Alltmont, Eric M. Schorr, Gaye H. Coffer, Edward A. Horrell, Jr., Marie Elise LeCour, and Michael J. Horrell.[14]

**VACATED AND REMANDED.**

---

[13] The defendants are entitled to file another motion for summary judgment with appropriate documentary support or a peremptory exception raising the objection of res judicata. See **Forstall v. City of New Orleans**, 2017-0414 (La. App. 4 Cir. 1/17/18), 238 So.3d 465, 473, n.12.

[14] This opinion in no way precludes any party from seeking sanctions in the trial court under La. C.C.P. art. 863 if any pleadings filed therein are being presented for any improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. See La. C.C.P. art. 863(B)(1).