I ¡WHIPPLE, J.
Appellant, Marie M. Bickham, challenges a judgment of the trial court nullifying a sheriffs sale of property owned jointly with her former husband, appellee, Ewell D. Bickham, due to lack of notice. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On March 11, 1999, Marie Bickham filed a “Petition for Partition by Licitation of Immovable Property Held in Common” seeking to sell five lots in Zachary Center Subdivision owned by the parties jointly. On March 29, 1999, Mr. Bickham filed an answer to the petition and propounded discovery requests. The parties eventually agreed to a consent judgment, which was signed by the trial court on July 14, 1999. Pursuant to the terms of the parties’ agreement, the judgment provided:
[that the subject] property be sold at a public sale for cash by the Sheriff ... in order to affect the Partition thereof, after the advertisement required by law for sale under execution.
The judgment further specified that:
the proceeds of the sale are to be divided as follows: from the gross proceeds of the sale the sum of Five Thousand Seven Hundred Forty-five and 96/100 ($5,745.96) Dollars is to be deducted from the sale which shall be paid to Marie M. Bickham ... as reimbursement for one-half (1/2) of the amounts proven to be due her for the payment of taxes on the property and the expenses of preservation thereof.
The remainder of the proceeds of this sale are to be divided evenly between Marie M. Bickham ... and Ewell D. Bickham, Jr., ... one-half (1/2) of the court costs and expenses of this sale are to be paid by Marie M. Bickham, ... and one-half (1/2) of said costs and expenses are to be deducted from the share of the Defendant Ewell D. Bick-ham, Jr. When the costs of court and expenses of the sale have been satisfied, the share of Marie M. Bickham ... is to be paid to her forthwith and the share of Ewell D. Bickham, Jr.’s [sic] shall be paid to him forthwith.
|sOn October 7, 1999, Mr. Bickham filed a “Motion to Set Aside the Sale of Immovable Property for Lack of Notice,” contending that without actual or legal notice to him, the property had been sold on September 8, 1999 by the East Baton Rouge Parish Sheriffs Office to Mrs. Bick-ham for the “nominal sum, far below a reasonable market price” of $20,000.00. Mr. Bickham further argued that because he had no notice, the sale should be set aside and Mrs. Bickham should be stayed from alienating, encumbering, damaging, destroying, or altering the property until the property could be resold at public auction to the highest bidder.
*3 On November 17, 1999, Mrs. Bickham responded to the motion to set aside the sale of immovable property for lack of notice by filing peremptory exceptions of non-joinder of an indispensable party and no cause of action.[1] Additionally, she filed a third-party demand against the Sheriff of East Baton Rouge Parish, Elmer B. Litchfield.
On December 7, 1999, Mr. Bickham filed a “Petition to Nullify Sheriffs Sale and for Damages,” essentially re-alleging the grounds set forth in his previous motion to set aside the sale, and naming Mrs. Bick-ham and the East Baton Rouge Sheriffs Office as defendants. Mr. Bickham’s petition further alleged that the sum of $2,530.00 had been deducted from the proceeds of the $20,000.00 sale and used to pay a lien held by Mathis Plumbing, this expenditure had not been approved or agreed upon in the consent judgment, the lack of notice prior to the sale was in violation of LSA-C.C.P. art. 4607, and Mr. Bickham had incurred recoverable damages and expenses, including attorneys fees, in having to protect his interest in the property at issue herein. Mr. Bickham contended that because the sale was 1¿held in violation of the due process rights recognized in Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), the sale should be re-advertised with notice to all parties, so that the property could be properly sold at auction to the highest bidder, with the sale proceeds subject only to those expenses set forth in the consent judgment.
Mrs. Bickham and the East Baton Rouge Sheriffs Office separately answered the petition, essentially denying any responsibility for providing notice of the sale as required by LSA-C.C.P. art. 4607. In the Sheriffs answer to Mrs. Bickham’s third party demand, he contended that the $20,000.00 bid payment was distributed in accordance with the bidder’s request and in accordance with the terms of the partition order. Specifically, the Sheriff stated that from the $20,000.00 bid payment, he paid the Mathis lien, the cost of the sale, and the bidder, Mrs. Bickham. The portion of the proceeds payable to Mr. Bick-ham was tendered to Mr. Bickham by the Sheriff; however, Mr. Bickham refused the funds and returned the check to the Sheriff.
The parties stipulated as to the facts and submitted the matter to the trial court for a decision as to whether the sale should be nullified for lack of notice. The trial court rendered written reasons for judgment on October 22, 2002, finding that notice was required by LSA-C.C.P. art. 4607 and that the duty to provide such notice was not the responsibility of the Sheriff. The trial court further found that the lack of proper notice to Mr. Bickham constituted valid grounds for nullifying the sale and returning the parties to their status quo, to the fullest extent possible. Further, the trial court assessed interest and all costs to Mrs. Bickham, as the party improperly invoking the sale. Judgment in conformity with the court’s ruling was signed by the trial court on January 3, 2003.
| sMrs. Bickham filed the instant appeal, claiming that the trial court erred: (1) in annulling a sheriffs sale ordered pursuant to the terms and conditions of a consent judgment entered into by the parties; and (2) in refusing to require that all parties be returned to their position prior to the sale, or if impossible to do so, in refusing to render judgment in her favor for damages sustained as a result of the invalidated sale.
*4 DISCUSSION
Assignment of Error Number One
Mrs. Bickham first argues that the sale of the property herein by the East Baton Rouge Sheriff was held in accordance with the specific terms of the consent judgment entered into by the parties. Thus, she contends, the notice provisions of LSA-C.C.P. art. 4607 were impliedly waived as the sale was not a “judicial sale,” but rather an “extra-judicial” sale.
Mrs. Bickham further contends that Mennonite notice is not required where, as here, there was no seizing creditor involved and the parties had agreed to an “extra-judicial” sale of property via a consent judgment.
Mr. Bickham counters that the sale was invalid on two counts, namely: (1) he was not given notice of the sale as required by Mennonite, and (2) costs in the amount of $2,530.00 were deducted from the proceeds of the sale, which were not agreed to, nor provided for, in the consent judgment. He further claims that notice by newspaper publication was insufficient herein and that his due process rights under federal and state law were denied.
In nullifying the sale, the trial court stated in its written reasons for judgment:
Mrs. Bickham claims that no notice was required [from] the Sheriff or either party. Mrs. Bickham makes the argument that Mr. Bickham received notice when the consent judgment authorizing the sale was entered. Further, she argues that since |fithe consent judgment only required advertisement, the notice of the date of the sale required by article 4607 was impliedly waived. On the contrary, the Court believes that article 4607 mandates notice to all parties. Thus, employing a plain reading of article 4607, it is clear that notice is required and should have been given in this case.
Further, the Court is of the opinion that although article 4607 does require notice of the sale date to be given, the duty to give such notice is not the Sheriffs. Thus, there is no basis for any award of damages or attorney fees against the Sheriff. The Court also finds that the lack of notice to Mr. Bick-ham is a valid ground for nullification of the sale. Accordingly, it is the Court’s order that the sale be nullified. The parties should be returned to their status quo, to the extent possible. Interest and costs should be born by Mrs. Bick-ham, as the party invoking the sale with the clearest ability to have notified Mr. Bickham’s counsel of the sale date.
Thus, the initial issue is whether Mr. Bickham was, in fact, entitled to notice of this sale, considering the pertinent statutory provisions guiding partitions between co-owners. Louisiana Code of Civil Procedure article 4601 sets forth that a partition of property may be “either nonju-dicially or judicially.” Louisiana Code of Civil Procedure article 4607 addresses “Partition by licitation” and provides, as follows:
When a partition is to be made by licitation, the sale shall be conducted at public auction and after the advertisements required for judicial sales under execution. All counsel of record, including curators appointed to represent absentee defendants, and persons appearing in proper person shall be given notice of the sale date. At any time prior to the sale, the parties may agree upon a nonjudicial partition. (Emphasis added.)
Article 4607 clearly specifies that “[w]hen a partition is to be made by licitation,” notice of the sale “shall” be given to all parties. The plain wording of the statute *5 does not specify, limit, or restrict the notice provisions to either “judicial” or “nonjudicial” partitions. Furthermore, “licitation” is defined by Black’s Law Dictionary 932-933 (7th ed.1999) as “[t]he offering for sale or bidding for purchase at an auction; esp. in civil law, an auction held to partition property held in common.”
|7In the instant case, the consent judgment entered into by the parties, subsequent to the filing of a petition for partition by licitation, provided that the “property be sold at a- public sale for cash by the Sheriff of this Parish in' order to affect the Partition thereof, after the advertisement required by law for sale.” Here-, the parties agreed that the property be partitioned by licitation, i.e., at public auction. As such, LSA-C.C.P. art. 4607 applied and governed the sale. After careful review, we reject as unsound Mrs. Bickham’s argument that the parties were exempt from compliance with the notice requirements set forth in article 4607 merely because they entered into a consent judgment agreeing to sell the property at a public sale. The provisions of LSA-C.C.P. art. 4607 governing the public sale of property partitioned by co-qwners, whether “judicially” or “nonju-dicially,” are controlling.
Moreover, we reject Mrs. Bickham’s argument that “advertisement” was tantamount to “notice” herein. As the Sheriff correctly argues, such an interpretation would effectively render meaningless the second sentence of article 4607, which provides that “notice” shall be given and then specifies in detail the persons to whom such notice shall be given.
The burden of proof on one challenging the validity of a sheriff sale is substantial to rebut that the sale was conducted as the law directs. National Information Services, Inc. v. Gottsegen, 98-528, pp. 13-14 (La.App. 5th Cir.6/1/99), 737 So.2d 909, 919, writs denied, 99-1936, 99-2366 (La.10/8/99), 751 So.2d 226, 228. Because Mr. Bickham established that notice of the sale was not issued as required by LSA-C.C.P. art. 4607, he met his | ¡¡substantial burden of proving the invalidity of the sale of the property at issue.[2]
This assignment lacks merit.
ASSIGNMENT OF ERROR NUMBER TWO
In this assignment, Mrs. Bickham contends that the trial court erred in “refusing to require that all parties, including Appellant, be returned to their position prior to the sale or if impossible to do so, to award a judgment for damages to Appellant.” In furtherance of this argument, Mrs. Bickham claims: (1) that the trial court committed legal error when it found that the .party requesting the sale had the duty of requesting issuance of notice of the sale, not the Sheriff; (2) that the trial court erred in not ordering the return of the purchase price to Marie Bickham; and (3) that the trial court erred in ordering that the Sheriffs costs and interest be assessed to her.
Duty to Provide Notice of the Sale
On appeal, Mrs. Bickham argues that any duty to provide notice of the sale was owed by the Sheriff. In response, the Sheriff counters that his office was not responsible for providing notice, where the party invoking the sale failed to do so.
We recognize that although LSA-C.C.P. art. 4607 provides that notice of the date of *6 sale be given, it does not specifically place the responsibility for providing that notice upon the sheriff.[3] Further, we note that certain |9other statutes expressly require that the sheriff provide notice. See LSA-C.C.P. arts. 2293 and 2721.
Nonetheless, absent any statutory or jurisprudential authority to the contrary, and because Mrs. Bickham filed the initial petition for partition by licitation of immovable property, we find ho error in the trial court’s conclusion that Mrs. Bickham was responsible for providing or requesting the required notice of the sale, as she was “the party invoking the sale with the clearest ability to have notified Mr. Bick-ham’s counsel of the sale date.”
Also, though LSA-C.C.P. art. 4607 does not specify which party is to procure the requisite “advertisements required for judicial sales under execution,” Mrs. Bick-ham assumed the duty of publishing those advertisements enlisted in LSA-C.C.P. art. 4607. Thus, we find no error in the ruling that-she had or assumed the duty to request or provide notice.
Return of Purchase Price
The judgment of the trial court provides that “all parties are to be returned to status quo to the extent possible.” Mrs. Bickham argues that she is entitled to a return of the full purchase price, in order to return the parties to their respective positions before the sale. We disagree. Because we find no error in the trial court’s determination that the sale was null for lack of notice, and that she improperly invoked the sale,' we find no basis for her claim that she is entitled to a return of the entire purchase price.
Interest and Costs
The trial court found that interest and costs should be borne by Mrs. Bick-ham as she was “the party invoking the sale with the clearest ability to have notified Mr. Biekham’s counsel of the sale date.” We agree. The |inconsent judgment entered into by the parties provided that “one-half (1/2) of the court costs and expenses of this sale are to be paid by Marie M. Bickham... and one-half (1/2) of said costs and expenses are to be deducted from the share of the.Defendant, Ewell D. Bickham, Jr.” Because the sale was invalid due to lack of notice, we find that the trial court correctly assessed the costs of the invalid sale and interest to Marie Bickham.
Further, although the parties agreed, pursuant to the terms in the consent judgment, that each bear half of the costs of the sale, the consent judgment did not contemplate costs associated with an invalid sale. Thus, we find no error in the trial court’s assessment of interest and costs against Mrs. Bickham.
This assignment lacks merit.
CONCLUSION
For the above reasons, the January 3, 2003 judgment of the trial court nullifying the sale is affirmed. Costs are assessed against Marie M. Bickham, the appellant.
AFFIRMED.

. The record does not reflect any disposition of the exceptions.

. Because we find that notice of the sale was required pursuant to LSA-C.C.P. art. 4607, we pretermit discussion of Mr. Bickham’s claims regarding notice required pursuant to Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).

. The Historical and Statutory notes of LSA-C.C.P. art. 4607 indicate that the statute was amended in 1990 by inserting a new second sentence listing persons entitled to notice of the sale date. In the current version, that sentence reads as follows: “AH counsel of record, including curators appointed to represent absentee defendants, and persons appearing in proper person shall be given notice of the sale date.” See Acts 1990, No. 832 § 1. A review of the legislative history of the Act indicates that while there was some discussion as to "who” should be given notice of the sale, there is no discussion or reference to which party is responsible- for providing notice.