STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-427


SHAUN STECKLER AND MARIANNE STECKLER
INDIVIDUALLY AND ON BEHALF OF THE
MINOR CHILDREN, BRAYDEN STECKLER
AND TRISTAN STECKLER

VERSUS

LAFAYETTE CONSOLIDATED GOVERNMENT


\*\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2009-2159 "D"
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*\*\*


JAMES T. GENOVESE
JUDGE


\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, James T. Genovese, and Phyllis M. Keaty, Judges.

**AFFIRMED IN PART, REVERSED IN PART.**

**Kevin P. Tauzin**
**Yul D. Lorio**
**1228 Camellia Boulevard, Suite A**
**Lafayette, Louisiana 70508**
**(337) 233-9833**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Shaun Steckler and Marianne Steckler,**
    **Individually and on Behalf of the Minor**
    **Children, Brayden Steckler and Tristan Steckler**

**Russell B. Kahn**
**Ted W. Hoyt**
**D. Reardon Stanford**
**Glenn B. Foreman**
**Hoyt & Stanford, L.L.C.**
**315 S. College Road, Suite 165**
**Lafayette, Louisiana 70503**
**(337) 234-1012**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
      **Shaun Steckler and Marianne Steckler,**
      **Individually and on Behalf of the Minor**
      **Children, Brayden Steckler and Tristan Steckler**

**Kay A. Theunissen**
**Mahtook & LaFleur**
**600 Jefferson Street, Suite 1000**
**Post Office Box 3605**
**Lafayette, Louisiana 70502**
**(337) 266-2189**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Lafayette Consolidated Government**

**C. Shannon Hardy**
**Post Office Box 2187**
**600 Jefferson Street, Chase Tower, Suite 601**
**Lafayette, Louisiana 70502**
**(337) 231-1955**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Allstate Indemnity Company**

**GENOVESE, Judge.**

Plaintiffs, Shaun Steckler and Marianne Steckler, individually and on behalf of the minor children, Brayden Steckler and Tristan Steckler (the Stecklers), appeal the trial court's grant of an exception of res judicata filed on behalf of Defendant, Lafayette Consolidated Government (LCG). For the following reasons, we affirm in part and reverse in part.

## FACTS AND PROCEDURAL HISTORY

The Stecklers purchased a home in Lafayette, Louisiana, in 2002. In April of 2008, the Stecklers learned that a sewer line, owned by LCG, located under their home, had been compromised. They were first alerted that there was a problem when they noticed hoses running across their property that were connected to portable pumping stations near the street in front of their home. Subsequently, an above-ground pipeline was placed across their property to carry raw sewage away from the compromised sewer line. The Stecklers asserted that the hoses and the pipeline leaked sewage in their yard. The Stecklers then instituted the present action against LCG seeking recovery for damage to their property as well as personal injuries which they allege were caused by the compromised sewer line. The Stecklers also asserted a claim for the adverse taking and appropriation of their property by LCG.

LCG filed a Peremptory Exception of Res Judicata and Motion for Summary Judgment wherein it argued that a lawsuit instituted in 1917 and the resultant compromise and settlement agreement reached therewith barred the Stecklers' present claims. Following a hearing, the trial court granted LCG's exception of res judicata. On December 20, 2010, the trial court signed a judgment granting the exception of res judicata, dismissing the Stecklers' claims in their entirety, and denying the motion for summary judgment as moot. The Stecklers appeal.

## ASSIGNMENTS OF ERROR

The Stecklers present the following assignments of error for our review:

1. The trial court erred in granting the peremptory exception of *res judicata* where [LCG] mis-characterized and presented to the [trial] court[] a notarized settlement agreement as an order of the court and dismissal with prejudice.

2. The trial court erred in failing to strictly construe the facts as applied to the appropriate standard of law and erred in granting the exception of *res judicata*.

## LAW AND DISCUSSION

### *STANDARD OF REVIEW*

"The standard of review of a ruling sustaining an exception of res judicata is manifest error when the exception is raised prior to the case being submitted and evidence is received from both parties." *Jones ex rel. Jones v. GEO Group, Inc.*, 08-1276, p. 4 (La.App. 3 Cir. 4/1/09), 6 So.3d 1021, 1024 (citing *State ex rel. Sabine River Auth. v. Meyer & Assocs. Inc.*, 07-214, 07-215 (La.App. 3 Cir. 10/3/07), 967 So.2d 585).

### *RES JUDICATA*

The parties agree that the law of res judicata prior to its amendment in 1991 is the applicable statutory basis for determining if res judicata bars the Stecklers' claims in this case.[1] Louisiana Revised Statutes 13:4231 then provided as follows:

> The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.

Applying La.R.S. 13:4231, our supreme court, stated as follows:

> Louisiana legislative authority for res judicata establishes a presumption of correctness and precludes relitigation of the object of the judgment only when there is (1) an identity of the parties, (2) an identity of "cause" and (3) an identity of the thing demanded. C.C.

---

[1] *See Ortego v. State, Dep't of Transp. & Dev.*, 96-1322 (La. 2/25/97), 689 So.2d 1358.

2285-2287, 3556(31); *Mitchell v. Bertolla*, 340 So.2d 287 (La.1976); *Sliman v. McBee*, 311 So.2d 248 (La.1975); *Scurlock Oil Co. v. Getty Oil Co.*, 294 So.2d 810 (La.1974).

*Welch v. Crown Zellerbach Corp.*, 359 So.2d 154, 156 (La.1978). The absence of any of these elements is fatal to an exception of res judicata. *Id*. Additionally, in considering an exception of res judicata, the following legal principles are relevant:

> *Res judicata* promotes judicial efficiency and final resolution of disputes. *Avenue Plaza, LLC v. Falgoust*, 96-0173 (La.7/2/96), 676 So.2d 1077, 1079. On the trial of the peremptory exception raising the objection of *res judicata*, the burden of proving facts essential to sustaining the objection is on the party pleading the objection. *Union Planters Bank v. Commercial Capital Holding Corp.*, 04-0871 (La.App. 1 Cir. 3/24/05), 907 So.2d 129, 130. The doctrine of *res judicata* is *stricti juris* and should be rejected when doubt exists as to whether a party's substantive rights have actually been previously addressed and finally resolved. *Dominique ex rel. Dominique v. Allied Discount Tire and Brake, Inc.*, 02-1338 (La.App. [1] Cir. 5/9/03), 849 So.2d 690, 695, *writ denied*, 03-1605 (La.10/3/03), 855 So.2d 320.

*Middleton v. Livingston Timber, Inc.*, 10-1203, p. 3 (La.App. 1 Cir. 2/11/11), 57 So.3d 590, 592. Thus, a resolution of the issue of res judicata requires an examination of the parties, the causes of action, and the thing demanded, i.e., the relief sought in 1917, as compared to the instant litigation.

In 1917, Crow Girard filed suit against Franj C. Youmans, a contractor, and the City of Lafayette, seeking damages as a result of the work being performed for the laying of the subject sewer line. The cause of action asserted at that time was based upon allegations of trespass for which an injunction was sought, along with a claim for damages for the destruction of trees on the property. The parties settled that lawsuit and entered into a compromise and settlement agreement. Ultimately, a servitude was granted by Mr. Girard in favor of the City of Lafayette for the placement of the sewer line.

The present action was filed by the Stecklers against LCG. The instant action seeks damages resulting from the alleged negligent maintenance of the

3

sewer line by LCG and for the adverse taking and appropriation of their property in accordance with La.R.S. 13:5111. Specifically, the Stecklers pray for damages resulting from sink holes which formed on their property, for the contamination and necessary remediation of the property, for the loss of the use and enjoyment of their property, and for their personal injuries and emotional distress. By their amended petition, the Stecklers have also asserted an additional claim for the adverse taking and appropriation of their property.

In their first assignment of error, the Stecklers argue that the compromise and settlement agreement which resulted from the 1917 lawsuit is not a "judgment" as required by La.R.S. 13:4231. They argue, in brief to this court, that "the application of *res judicata* presupposes a 'judgment[.]'" They conclude that "[i]f there is no judgment, then there is no *res judicata*[;]" thus, the trial court erred in granting LCG's exception.

"While the doctrine of res judicata is ordinarily premised on a final judgment on the merits, it also applies where there is a transaction or settlement of a disputed or compromised matter that has been entered into by the parties." *Ortego,* 689 So.2d at 1363. The jurisprudence is clear that "[a] valid compromise may form the basis of a plea of res judicata." *Id.* at 1364. We, therefore, find no merit in this assignment of error.

**Claim for Adverse Taking and Appropriation**

The Stecklers, in their amended petition, pursuant to La.R.S. 13:5111,[2] have asserted an additional claim averring that "the actions of [LCG] herein, as alleged

---

[2] Louisiana Revised Statutes 13:5111 provides:

>     A. A court of Louisiana rendering a judgment for the plaintiff, in a proceeding brought against the state of Louisiana, a parish, or municipality or other political subdivision or an agency of any of them, for compensation for the taking of property by the defendant, other than through an expropriation proceeding, shall determine and award to the plaintiff, as a part of the costs of

4

in the original petition, and the continuing effects therefrom, have resulted in an illegal and adverse taking and appropriation of [their] property, and [LCG] is indebted to [them] for full compensation for such taking." This claim, wholly separate and distinct from an action grounded upon an alleged maintenance of the sewer line, must also be compared with the 1917 lawsuit.

Although never conceding that their adverse taking and appropriation claim is precluded based upon res judicata, the Stecklers' brief contains the following statement (emphasis added): "In 1917, a landowner filed for injunctive relief arising out of **an improper taking of his property** and/or trespass." Similarly, while maintaining that the doctrine of res judicata precludes the Stecklers' claims in their entirety, LCG argues that "[i]n the alternative, the peremptory exception should be affirmed at least as it relates to [the Stecklers'] claims for trespass, inverse condemnation, or any other claims arising out of the existence and location of the sewer line on [the Stecklers'] property."

The 1917 action, which sought to enjoin actions of trespass and damages for the destruction of property, also alleged an improper taking of the property. This issue was raised and was resolved via settlement of all claims. In connection therewith, a formal servitude allowing for the construction of the sewer line was effectuated. Thus, we find that the current claims asserted by the Stecklers for the adverse taking and appropriation of their property are barred by res judicata.

---

court, such sum as will, in the opinion of the court, compensate for reasonable attorney fees actually incurred because of such proceeding. Any settlement of such claim, not reduced to judgment, shall include such reasonable attorney, engineering, and appraisal fees as are actually incurred because of such proceeding. Actions for compensation for property taken by the state, a parish, municipality, or other political subdivision or any one of their respective agencies shall prescribe three years from the date of such taking.

B. The rights of the landowner herein fixed are in addition to any other rights he may have under the constitution of Louisiana and existing statutes, and nothing in this Part shall impair any constitutional or statutory rights belonging to any person on September 12, 1975.

**Claims of Negligent Maintenance of the Sewer Line**

*Identity of the Parties*

In order for the 1917 lawsuit and subsequent compromise and settlement agreement to preclude the current action, the identity of the parties requirement must be met. In order for this element to be satisfied, the plaintiff(s) and defendant(s) need not be the "the same physical parties[.]" *Ditch v. Finkelstein*, 399 So.2d 1216, 1222 (La.App. 1 Cir. 1981). Rather, the parties have identity when they appear in the same quality or capacity in both suits. *Welch,* 359 So.2d 154. Moreover, "where a successor or privy of one of the parties is involved[,]" the identity of the parties requirement is satisfied. *Ditch*, 399 So.2d at 1222.

The Stecklers are successors in title to the property originally owned by Mr. Girard; however, they argue that "any privity between the parties [is] so distant in time that even the most fundamental factual elements were non-existent at the time of the earlier lawsuit." While they are correct that, in 1917, there was no home on the property, there was no sewer line in existence, and there was no servitude, these facts do not negate an identity of the parties. Rather, these factual differences are more germane to an analysis of an identity of cause and identity of the thing demanded. We find that the identity of the parties requirement of a claim of res judicata has been met.

*Identity of Cause*

The 1917 action brought by Mr. Girard set forth allegations of trespass and complained of excavation of his property and the destruction of trees thereon. To the contrary, the current action asserts claims by the Stecklers that are grounded on a theory of negligent maintenance of the sewer line on their property. In their brief to this court, the Stecklers very explicitly state, "[i]t is clearly not the <u>location</u> of the sewer line that is at issue in the current suit, but rather the negligence in its

6

maintenance and operation by the [LCG] resulting in its collapse and the resulting discharge of raw sewage into and onto [the Stecklers'] property."

According to the jurisprudence, "cause" may "be likened to 'grounds' or the principle upon which a specific demand is grounded." *Cantrelle Fence & Supply Co., Inc. v. Allstate Ins. Co.*, 515 So.2d 1074, 1078 (La.1987). "Cause" is "roughly analogous to 'theory of recovery[.]'" *Id.* When comparing the causes asserted in the instant matter with that of the 1917 lawsuit, the distinction is readily apparent. The placement of the sewage line by virtue of the servitude is wholly irrelevant to the instant proceedings, as are any allegations of trespass, excavation, and destruction of trees on the property. The current claims arise out of an alleged negligence on the part of LCG to maintain the sewer line which caused the sewer line to become compromised and which negligence, the Stecklers allege, has caused them damages. For these reasons, we find that LCG has failed to establish and prove an identity of cause in this action.

*Identity of the Thing Demanded*

When considering the thing demanded, we are to compare "the thing sought to be recognized as legally extant by each suit." *Heine v. Muse*, 206 So.2d 529, 531 (La.App. 1 Cir. 1968). We are instructed to look to the "kind of relief sought." *Ryan v. Grandison Trust*, 504 So.2d 844, 849 (La.1987) (quoting *Quarles v. Lewis*, 75 So.2d 14 (La.1954), *overruled on other grounds*, 367 So.2d 6 (La.1978)). In so doing, we find that the 1917 lawsuit seeking an injunction and damages to compensate for trees being destroyed and for property being excavated differs completely from the relief sought by the Stecklers for damages for sinkholes, for contamination and remediation of the property, and for personal injuries. For these reasons, we find that LCG has also failed to establish and prove an identity of the thing demanded in this action.

7

Based upon our review of the record, we find that the trial court was not manifestly erroneous in granting the exception of res judicata as to the Stecklers' claims for adverse taking and appropriation. However, we find that the trial court was manifestly erroneous in granting LCG's exception of res judicata relative to the Stecklers' present claims for damages resulting from the alleged negligent maintenance of the sewer line.

## DECREE

For the reasons assigned, the judgment of the trial court granting Lafayette Consolidated Government's exception of res judicata and dismissing the Stecklers' claim for adverse taking and appropriation is affirmed; however, that portion of the judgment granting the exception of res judicata and dismissing the present claims for damages resulting from the alleged negligent maintenance of the sewer line is reversed. We assess costs of this appeal equally between the parties.

**AFFIRMED IN PART, REVERSED IN PART.**