# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 21-595

**BILLYE DICKSON JOHNSON**

**VERSUS**

**NATCHITOCHES COMMUNITY IMPROVEMENT FOUNDATION, INC.**

\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, DOCKET NO. C-92418
HONORABLE JIMMIE C. PETERS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*

## SYLVIA R. COOKS
## CHIEF JUDGE
\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Chief Judge, Shannon J. Gremillion and D. Kent Savoie, Judges.

**AFFIRMED.**

**Kelvin G. Sanders**
**P.O. Box 13922**
**Alexandria, LA 71315**
**(318) 487-0009**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
       **Billye Dickson Johnson**


**Jacob R. Joffrion**
**Gold Weems Bruser Sues & Rundell**
**P.O. Box 6118**
**Alexandria, LA 71307**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **Natchitoches Community Improvement Foundation, Inc.**

**COOKS, Chief Judge.**

Plaintiff, Billye Dickson Johnson, appeals the trial court's grant of Defendant's peremptory exception of res judicata, dismissing her claims with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Ms. Johnson's suit is one of several lawsuits seeking to divest the assets of Defendant, Natchitoches Community Improvement Foundation, Inc. (hereafter NCIF), and transfer those assets to the Henry O. Flipper Foundation, Inc. (hereafter the Flipper Foundation). On February 4, 2021, Plaintiff filed the present suit, styled "Petition for Dissolution of a Non-Profit Corporation Pursuant to LSA R.S. 12:251 and Rule to Show Cause." In that suit, Ms. Johnson alleged that NCIF, which is a non-profit organization, should be dissolved and the Court should appoint a temporary liquidator pursuant to La.R.S. 12:251 to "take possession of and safeguard" the assets of NCIF. The Petition also requested the assets of NCIF be transferred to the Flipper Foundation "in order to accelerate the development of affordable housing within the City of Natchitoches."

NCIF was formed to administer the Sibley Lake Community Fund, which consisted of $600,000 obtained through settlement proceeds from two consolidated class action suits against Tennessee Gas Pipeline Company. An order from the Tenth Judicial District Court requires NCIF to invest the Sibley Lake Funds and use them for one or more of the following purposes:

1. Recreational opportunities for the youth of the City of Natchitoches;

2. Educational opportunities and scholarships for the youth of the City of Natchitoches;

3. Seed money to acquire federal, state or local grants for the administration of cultural, artistic, recreational or educational programs; and

4. For economic and/or housing development.

In 2018, the Flipper Foundation filed suit against NCIF alleging mismanagement of the Sibley Lake Community Fund on the part of NCIF, specifically the denial of an application by the Flipper Foundation to finance a housing project in Natchitoches. The Tenth Judicial District Court granted an exception of no right of action filed by NCIF and dismissed the suit.

On December 30, 2019, a second suit was filed against NCIF, the Sibley Lake Community Fund and Leo Walker, the chairman of the board of directors of the NCIF. Named plaintiffs included the Flipper Foundation, Billye Dickson Johnson, Thurman Batise, Cindy Batise, Leon W. Davis, Thomas Tubre and Ronald Clint Payne. This suit sought relief under the Louisiana Trust Code, La.R.S. 9:1721 *et seq.*, specifically requesting the removal of the NCIF as trustee of the fund under La.R.S. 9:1789. The prayer for relief asked that the NCIF and Mr. Walker "be found liable for breaching their Fiduciary duties and the[y] be removed as Trustees of the Sibley Lake Community Fund and new Trustees be appointed."

On January 9, 2020, Vincent C. Cofield (the Chairman of the Flipper Foundation) filed another lawsuit against NCIF and the Sibley Lake Community Fund (though it did not name Leo Walker as a defendant). Similarly, Mr. Cofield based his claims on NCIF's alleged violation of the Louisiana Trust Code. This suit specifically requested that "NCIF should be removed as corporate trustee of the Sibley Lake Trust Fund, that another qualified corporation designated by Petitioner, (the Flipper Foundation), should be instituted as the trustee of the Sibley Lake Trust Fund." The district court consolidated the December 30, 2019 and January 9, 2020 lawsuits.

On August 24, 2020, NCIF filed exceptions of no right of action and no cause of action to the consolidated suit. The district court granted the exceptions, but the plaintiffs in the consolidated suit were given leave to amend their pleadings pursuant to La.Code Civ.P. art. 934. In an amended pleading filed October 28, 2020, Mr.

3

Cofield deleted Leo Walker as a party defendant and instead added all of the current members of the NCIF board of directors. The pleadings specifically "made clear what had always been the underlying goal of the litigation—which has always been less about changing defects in [the NCIF] and more about a complete takeover by the Flipper Foundation." The amended pleading requested the district court find that the board of directors of NCIF breached their fiduciary duty to work at the best interests of the community and that the court enter judgment removing the NCIF as the corporate holder of the Sibley Lake Community Fund proceeds. It further requested that the district court enter judgment assigning the Flipper Foundation as the corporate holder of the Sibley Lake Community Fund. Several named plaintiffs of the December 30, 2019 lawsuit, including Billye Dickson Johnson, adopted Mr. Cofield's amended pleading.

The NCIF re-urged its exceptions of no right of action and no cause of action to the amended pleading. The district court granted the exception of no cause of action filed by the NCIF and dismissed the claims against it with prejudice. The district court stated as follows in its reasons for judgment:

> Part of the problem in this litigation is that there seems to be a basic misunderstanding concerning the history associated with the creation and operation of the [NCIF]. That nonprofit corporation was merely a vehicle used to consummate a settlement of the *Tennessee Gas* litigation—and the fact that certain criteria for the nonprofit corporation's initial operation was a part of the terms of the settlement did not create a continuing judicial oversight requirement. To the extent that the proceedings in 2014 seem to suggest otherwise, this court finds that those proceedings constituted nothing more than a revisit of the original order affirming the underlying settlement and plan of allocation. In other words, the proceeding in 2013-14 cannot be construed as authority for a continuing judicial oversight of the [NCIF] or as authority for every Natchitoches Parish resident to bring suit anytime he or she feels aggrieved with the action or inaction of the corporation. The [NCIF] is governed by state law, internal rules, and a twenty-five member board of directors (whose membership is subject to change on a regular basis). To conclude otherwise, would create a never-ending flow of litigation originating from a disgruntled applicant—which is what appears to be the case herein.

Specifically, as to the Plaintiff herein, Billye Dickson Johnson, the district court stated:

> [Ms. Johnson] is actually a member of the [NCIF]'s board of directors and, therefore, if properly pleaded she would have a right of action against the nonprofit corporation. However, as was the case with the other Johnson plaintiffs, she has failed to state a cause of action against the defendants and her claims against those parties are dismissed with prejudice without the need to consider the exception of no right of action.

Ms. Johnson did not appeal the district court's judgment dismissing her claims with prejudice.

On February 4, 2021, approximately two weeks after the district court dismissed her claims in the above lawsuit, Ms. Johnson filed her petition in the instant case. Asserting that the present lawsuit was based on the same facts previously alleged in the prior lawsuit, the NCIF filed a Peremptory Exception of Res Judicata maintaining that the district court's prior ruling precluded Ms. Johnson from bringing the claims in the instant lawsuit. Specifically, NCIF asserted the instant petition mirrored the allegations of the previous lawsuits and sought similar relief—a "complete takeover of NCIF by the Flipper Foundation." After a hearing on the exception, the district court granted the exception of res judicata and dismissed Ms. Johnson's claims with prejudice. This appeal followed.

## ANALYSIS

The peremptory exception of res judicata is provided for in La.Code Civ.P. art. 927(A)(3). The doctrine of res judicata is found in La.R.S. 13:4231, which states as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

5

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

In the argument to the district court below, counsel for Ms. Johnson asserted that res judicata did not apply because the instant claim sought relief that she did not assert in the previous litigation. In support of this argument, Ms. Johnson referenced jurisprudence that was invalidated by the 1990 amendment to La.R.S. 13:4321. The district court specifically noted this at the hearing and stated that "you would be on solid ground" if it were prior to the amendment of La.R.S. 13:4321. In *Burguieres v. Pollingue*, 02-1385, pp. 7-8 (La.2/25/03), 843 So.2d 1049, 1053, the Louisiana Supreme Court explained:

Most of the controversy and confusion in Louisiana surrounding res judicata prior to the 1990 amendment concerned whether there was an "identity of cause." With the 1990 amendment to the res judicata statute, however, the chief inquiry is whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action. [*Avenue Plaza, L.L.C. v. Falgoust*, 96-0173, p. 6 (La.7/2/96), 676 So.2d 1077, 1080]. See also La.R.S. 13:4231 cmt. a (1990). While this is the central inquiry under the current statute, it is not the only inquiry. A reading of La.R.S. 13:4231 reveals that a second action is precluded when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

The significant change intended by the amendment was enacted to broaden the application of res judicata in order to avoid piecemeal litigation. *Reeder v. Succession of Palmer*, 623 So.2d 1268, 1271 (La.1993). The burden of proof in an exception of res judicata rests with the party that filed the exception. *Steckler v. Lafayette Consol. Gov't*, 11-427 (La.App. 3 Cir. 11/2/11), 76 So.3d 161.

6

There is no reasonable basis to question the validity of the prior judgment. The judgment was rendered by a court with jurisdiction over the subject matter and the parties. Proper notice of the judgment was given to all the parties. The judgment disposed of the merits of Ms. Johnson's claims in the first suit by granting NCIF's peremptory exception of no cause of action and dismissing her claims with prejudice. Thus, the first two factors are satisfied, as the judgment is valid and final.

The third requirement of res judicata is that the parties in both suits are the same. Both Ms. Johnson and NCIF were parties in the first suit. Further, nothing in the petition in the instant case indicates Ms. Johnson has brought this action in a different capacity in which she brought the prior suit. This factor is satisfied.

The fourth requirement to find res judicata asks whether the cause of action asserted in the instant suit existed at the time of the final judgment in the first litigation. This requirement is satisfied, as the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation. The petition asserts no facts or events that were discovered or arose since the district court issued its Judgment in the first suit on January 25, 2021. The alleged factual basis in the instant petition existed at the time of the Judgment in the first suit and the fourth element for res judicata preclusion is met.

Under the final requirement, "[t]he central inquiry is not whether the second action is based on the same cause of action, but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action." *Gladney v. Anglo-Dutch Energy, L.L.C.*, 19-93, p. 8 (La.App. 3 Cir. 10/2/19), 280 So.3d 964, 971 (citing *Terrebonne Fuel and Lube, Inc. v. Placid Refining Company*, 95-654 (La. 1/16/96), 666 So.2d 624). What constitutes the transaction or occurrence is determined on a case-by-case basis. *Hy-Octane Investments, Ltd. v. G & B Oil Products, Inc.*, 97-28 (La. App. 3 Cir. 10/29/97), 702 So.2d 1057.

The subject matter of the first suit included allegations of the improper handling of the Sibley Lake Community Fund by the NCIF. Specifically, it alleged the NCIF awarded scholarships to its board member's friends and family, failed to fund worthy projects and refused the Flipper Foundation's request for funds to provide affordable housing. It also specifically requested the Flipper Foundation be named as the corporate holder of the Sibley Lake Community Fund.

The instant petition filed by Ms. Johnson essentially repeats the same allegations as the prior petition. It alleges the NCIF "has not funded an affordable housing project in the 17 years of its existence," including the request by the Flipper Foundation. It also alleged the NCIF denied "legitimate applications for grant funding" and engaged in "self-dealing on behalf of themselves and /or family members." Lastly, it requested the dissolution of the NCIF and that its assets "be transferred to the Henry O. Flipper Foundation, Inc." Thus, it is clear the instant petition filed by Ms. Johnson is based on the same alleged facts as the first action and arises from the same transaction or occurrence as the first suit.

All of the elements required for res judicata are met. The instant action is an attempt to relitigate matters that were raised in the prior suit. Therefore, the district court did not err in granting the exception of res judicata.

### DECREE

For the foregoing reasons, the judgment of the district court granting Defendant's Exception of Res Judicata is affirmed. All costs of this appeal are assessed to Plaintiff-Appellant, Billye Dickson Johnson.

**AFFIRMED.**