# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 21-218

DOMINIC RIGGS

VERSUS

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, WAYNE M. HEBERT, AND GEICO CASUALTY COMPANY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2020-2172
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JONATHAN W. PERRY
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Chief Judge, Jonathan W. Perry and Charles G. Fitzgerald, Judges.

Cooks, Chief Judge, dissents and assigns reasons.

**AFFIRMED.**

**Lawrence Blake Jones**
**David C. Whitmore**
**Blake Jones Law Firm, LLC**
**701 Poydras Street, Suite 4100**
**New Orleans, Louisiana  70139**
**(504) 525-4361**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Dominic Riggs**


**Joseph T. Puhekker**
**Leah B. Guilbeau & Associates**
**Caffery Plaza, Suite 100**
**4023 Ambassador Caffery Parkway**
**Lafayette, Louisiana  70503**
**(337) 988-7240**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**State Farm Mutual Automobile Insurance Company**
**and Wayne M. Hebert**

**PERRY, Judge.**

This is an appeal by Dominic Riggs ("Riggs") from a judgment granting a motion to enforce a settlement agreement urged by State Farm Mutual Automobile Insurance Company ("State Farm") on behalf of its insured, Wayne M. Hebert ("Hebert") (collectively "Defendants"). For the following reasons, we find the parties' compromise constitutes res judicata; thus, we affirm the judgment dismissing Riggs's claims against Defendants with prejudice.

## FACTS AND PROCEDURAL HISTORY

The instant litigation began on April 29, 2020, when Riggs filed a petition for damages against State Farm, Hebert, and his own uninsured motorist insurer, GEICO Casualty Company ("GEICO"). In his petition, Riggs alleged he was involved in two separate automobile collisions with Hebert on April 30, 2019. The first cause of action set forth in Riggs's petition alleged that "Riggs was operating his 2015 Dodge Journey vehicle on Louisiana Avenue in Lafayette, Louisiana, when suddenly and without warning the 2015 Chevrolet 1500 owned and operated by Wayne M. Hebert changed lanes into [Riggs's] vehicle and then left the scene." The second cause of action additionally claimed:

> Shortly following the afore-described impact on Louisiana Avenue in Lafayette, Louisiana, on April 30, 2019, Dominic Riggs continued operating his 2015 Dodge Journey vehicle behind Wayne M. Hebert[.] While they were on Webb Street in Lafayette, Louisiana, [Riggs] was stopped behind [Hebert's] vehicle when [Hebert] backed into [Riggs's] vehicle and then drove off again.

Both asserted causes of action alleged that Riggs "sustained loss and damage . . . for which defendants are liable unto him."

Riggs settled his claims against GEICO. Pursuant to a Joint Motion and Order of Partial Dismissal signed by the trial court on September 23, 2020, Riggs's claims against GEICO were dismissed with prejudice.

In response to Riggs's petition, State Farm filed a Motion to Enforce Settlement on September 29, 2020. According to State Farm, its insured, Hebert, had already been released from all liability from Riggs under the terms of a settlement agreement perfected approximately three months before Riggs filed the instant suit. On February 3, 2020, Riggs executed a written settlement agreement ("the Release") in consideration of State Farm's policy limits of $15,000.00, which stated, in pertinent part:

> For and in consideration of the sum of Fifteen Thousand ($15,000) Dollars, Dominic Riggs hereby fully and forever release[s] and discharge[s] [Hebert]. . . , who does not admit any liability to the undersigned but expressly denies any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries known and unknown, which may have resulted or may in the future develop from an incident on or about the 30th day of April, 2019, at or near Louisiana Ave, Lafayette, LA.

In opposition, Riggs argued the language of the Release covered only one of the two motor vehicle collisions which he alleged had occurred on April 30, 2019. Riggs contended the Release was restricted geographically to an accident occurring on Louisiana Avenue and did not cover a second impact that occurred on Webb Street almost immediately after the first impact.

A hearing was held via Zoom on November 16, 2020, after which a written judgment was signed on December 7, 2020, granting State Farm's motion and dismissing Riggs's lawsuit against State Farm and Hebert with prejudice. This appeal followed.

## ASSIGNMENT OF ERROR

In his sole assignment of error, Riggs contends the trial court "erred in granting [State Farm]'s Motion to Enforce Settlement which was, in reality, an exception of res judicata, because State Farm did not carry its burden of proof and demonstrate that there was no doubt regarding the application of res judicata to the

2

facts of this case." Riggs submits the rules pertaining to the exception of res judicata dictate the exception should be overruled when there is doubt regarding whether its requirements have been met. Riggs argues doubt exists as to the parties intent. According to Riggs, the parties to the Release have conflicting opinions as to what differences the parties intended to settle therein. He alleges the Release only covers the accident referenced in the first cause of action stated in his petition, i.e., the impact that occurred on Louisiana Avenue. Therefore, Riggs urges this court to vacate the trial court's judgment and reinstate his action which concerns the second impact that occurred on Webb Street.

In reply, State Farm argues the exception of res judicata is not before this court because it was not submitted to the trial court. In support, State Farm cites *Ewing v. Westport Ins. Corp.*, 19-551, p. 6 (La.App. 3 Cir. 2/5/20), 290 So.3d 707, 711, *aff'd*, 20-339 (La. 11/19/20), 315 So.3d 175 ("An appellate court cannot consider issues raised for the first time on appeal which have not been addressed by the trial court."). *See also* Uniform Rules—Courts of Appeal, Rule 1–3, ("Courts of Appeal will review only issues which were submitted to the trial court[.]").

Contrary to State Farm's assertion that the exception of res judicata should have been raised before the trial court, we note La.Code Civ.P. art. 927(B) provides that an appellate court may, *sua sponte*, raise and consider the peremptory exception of res judicata.[1] Accordingly, we shall consider whether res judicata bars the instant litigation instituted by Riggs on April 29, 2020.

## LAW AND DISCUSSION

Res judicata is a peremptory exception raised to bar a subsequent action. La.Code Civ.P. art. 927(A)(3). The objectives of the exception of res judicata are

---

[1] Under La.Code Civ.P. art. 927(B), "res judicata . . . may be noticed by either the trial court or appellate court on its own motion."

the promotion of judicial efficiency and the final resolution of disputes. *Steckler v. Lafayette Consol. Gov't*, 11-427 (La.App. 3 Cir. 11/2/11), 76 So.3d 161, *writs denied*, 11-2639, 11-2677 (La. 2/10/12), 80 So.3d 477, 487. Whether a prior judgment has the effect of res judicata in subsequent litigation is a question of law which we review de novo. *Fogleman v. Meaux Surface Prot., Inc.*, 10-1210 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995.

The general principles of *res judicata* are set forth in La.R.S. 13:4231, which provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The Louisiana Supreme Court, in considering La.R.S. 13:4231, has set forth the following prerequisites which must be met for res judicata to bar a second action:

> (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

4

*Burguieres v. Pollingue*, 02-1385, p. 8 (La. 2/25/03), 843 So.2d 1049, 1053. Consequently, for res judicata to bar the instant litigation instituted by Riggs on April 29, 2020, all five of the aforementioned factors must be satisfied.

The Release signifies a "compromise," which La.Civ.Code art. 3071 defines as "a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." Under La.Civ.Code art. 3076, "A compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express." According to La.Civ.Code art. 3080, "A compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised." Thus, "[w]hile the doctrine of res judicata is ordinarily premised on a final judgment on the merits, it also applies where there is a transaction or settlement of a disputed or compromised matter that has been entered into by the parties." *Chauvin v. Exxon Mobil Corp.*, 14-808, p. 6 (La. 12/9/14), 158 So.3d 761, 766.

> The meaning and intent of the parties to a written instrument, including a compromise, is ordinarily determined from the instrument's four corners, and extrinsic evidence is inadmissible either to explain or to contradict the instrument's terms. When a dispute arises as to the scope of a compromise agreement, extrinsic evidence can be considered to determine exactly what differences the parties intended to settle.

*Ortego v. State, Dep't of Transp. & Dev.*, 96-1322, p. 7 (La. 2/25/97), 689 So.2d 1358, 1363-64 (citations omitted).

Here, Riggs's memorandum in opposition to State Farm's motion argued Hebert was released from liability for only one of the accidents which allegedly occurred between Riggs and Hebert on April 30, 2019. According to Riggs, the Release was restricted geographically to an accident occurring on Louisiana Avenue and did not cover a second impact that occurred on Webb Street almost immediately

5

after the first impact. Riggs acknowledged that "as a result of the accident on Louisiana Avenue, [Riggs was] not asserting a claim against [Hebert] or State Farm in this matter, as that accident was encompassed in the release submitted by State Farm." Thus, despite its inclusion in his petition for damages, Riggs did not contest State Farm's motion insofar as it sought to enforce the settlement regarding his first cause of action—the accident on Louisiana Avenue in Lafayette. Rather, Riggs did contest State Farm's motion as it related to his second cause of action only—the accident on Webb Street in Lafayette. As there is no dispute that the Release is valid,[2] final, and that the parties to the Release and to the instant action are the same, the first three prerequisites of res judicata under La.R.S. 13:4231 are clearly met. Thus, the remaining pertinent determinations are whether Riggs's second cause of action existed at the time of the Release and whether the second cause of action arose out of the transaction or occurrence that was the subject matter of the Release.

In his appeal, Riggs argues the Release is only applicable to the incident "at or near Louisiana Ave, Lafayette, LA;" however, his claim at issue concerns the incident on Webb Street, which is the second cause of action set forth in his petition for damages. State Farm, according to Riggs, failed to meet its burden of showing the Release barred his instant claim stemming from the incident on Webb Street. We disagree.

The record reflects the following evidence was introduced at the hearing on State Farm's motion to enforce a settlement agreement: Exhibit 1, a demand letter from Riggs to State Farm, dated January 15, 2020; Exhibit 2, an acceptance letter from State Farm, dated January 21, 2020, declaring, in relevant part, "State Farm is willing to settle your client's claim for $15,000.00[;]" Exhibit 3, the Release

_____

[2] Additionally, in his brief to this court, Riggs admits he is "not asserting that the compromise for the accident on Louisiana Avenue was invalid."

6

executed by Riggs on February 3, 2020; and Exhibit 4, a copy of the settlement check.[3]  While the appellate briefs before us refer to a document which was purportedly attached to the opposition memorandum filed by Riggs in response to State Farm's motion, the transcript reflects that the trial court was never offered the evidence or afforded the opportunity to rule on the admissibility of said document. Thus, we find the document attached to Riggs's opposition memorandum was not properly and officially introduced into evidence for our consideration.

"Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record.  Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. Further, appellate courts are courts of record and may not review evidence that is not in the appellate record or receive new evidence.  *Id.*; La.Code Civ.P. art. 2164.

The evidence properly before us shows settlement was suggested by counsel for Riggs in a demand letter dated January 15, 2020, which, in addition to detailing Riggs's alleged injuries, medical treatment, and medical expenses, declared, in pertinent part:

> Our office represents **Dominic Riggs** in an automobile accident which occurred on April 20, 2019.  Enclosed are the medical records and bills that pertain to your client's accident thus far. . . .
>
> . . . The **policy limits** are clearly in order for Dominic Riggs.[4]
>
> [Counsel for Riggs] hereby makes formal demand for the policy limits of your insured, Wayne M. Hebert.

---

[3] The check was signed by Riggs and deposited on February 3, 2020.

[4] After approximately eight months of medical treatment, Riggs's medical expenses were purportedly $4,640.00, and his projected future medical expenses were $4,856.00.

On January 21, 2020, State Farm sent an acceptance letter, the Release, and a check for $15,000.00, representing the liability limit of Hebert's policy.

At the time the parties agreed to settle, Riggs knew what transpired between him and Hebert on April 30, 2019. Despite this, the Release states Riggs agreed to:

> fully and forever release and discharge [Hebert] . . . from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries known and unknown, which may have resulted or may in the future develop from an incident on or about the 30th day of April, 2019, at or near Louisiana Ave, Lafayette, LA.

Consequently, we find Riggs's second cause of action clearly existed at the time the Release was effected and, further, his second cause of action arises out of the transaction or occurrence that is the subject matter of the Release. The Release constitutes res judicata, precluding Riggs's action instituted on April 29, 2020. Thus, we find no error in the trial court's dismissal of Riggs's claims against Defendants with prejudice.

## DECREE

Pursuant to La.Code Civ.P. art. 927(B), we raise and sustain on our own motion the peremptory exception of res judicata. As a result, we affirm the judgment of the trial court dismissing, with prejudice, the petition of Dominic Riggs against State Farm Mutual Automobile Insurance Company and Wayne M. Hebert. All costs are assessed to Plaintiff/Appellant, Dominic Riggs.

**AFFIRMED.**

DOMINIC RIGGS

VERSUS

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, WAYNE M. HEBERT, AND GEICO CASUALTY COMPANY

**COOKS, Chief Judge, Dissents.**

I respectfully dissent from the majority opinion and find the judgment granting the motion to enforce the settlement agreement was improper. The language of the settlement provided, in pertinent part, as follows::

> . . . from any and all claims, demands damages, actions, causes of actions or suits of any kind or nature whatsoever, and particularly on account of all injuries known and unknown, which have resulted or may in the future develop from an ***incident*** on or about the 30th day of April, 2019, at or near Louisiana Ave., Lafayette, La.

While the parties debated in the district court over the effect of the words "at or near Louisiana Ave.," I find the word an "incident" more controlling and dispositive herein. State Farm now insists the reference "at or near Louisiana Ave." includes the incident on Webb Street which occurred moments after the first incident on Louisiana Ave. The absence of an "s" to signify State Farm's intent to include both incidents is fatal to its argument and at the least creates an ambiguity and doubt as to the parties' intent which must be construed against it as the drafter of the agreement. These are basic contract rules on interpretation. The trial judge manifestly erred in injecting an "s" in the document and supplying an intent by State Farm to include both incidents. There was, in the end, no "meeting of the minds" here. To get to the conclusion that State Farm desired, and the trial court accepted, that the settlement agreement includes both incidents, requires adding the missing words to the settlement agreement. GEICO likewise has a different viewing of the

matter, as it concluded two separate accidents occurred.[1]  Thus, I believe State Farm in crafting this settlement agreement should have to live with the results of their own poor choice of wording.  The majority seems to imply because counsel for Plaintiff "suggested" the parties proceed to a settlement, this evidenced an intent to settle both accidents, when the settlement agreement does not by its plain wording unambiguously do so.  Therefore, I would reverse the trial court's grant of the motion to enforce the settlement agreement and remand the case for further proceedings.

---

[1] I note for the purposes of UM, GEICO is entitled to have Plaintiff exhaust all recovery from the tortfeasor.  Here, GEICO's position is because two incidents occurred, the potential recovery in the case was $30,000.00 and, if so, Plaintiff left $15,000.00 on the table which it is entitled to use as an offset towards its uninsured motorist liability.  This is why the parties "intent" must be clearly evidenced by the document alone.